JAMES McHENRY, Respondent, *v.* HUGH J. JEWETT, Appellant.

A temporary injunction is unauthorized when it does not appear from the complaint that plaintiff is entitled to the final relief for which the action is brought. (Code of Civil Procedure, § 603.)

The granting of the injunction in such case is error of law which may be reviewed in this court on appeal. (Code of Civil Procedure, § 190, sub. 2.)

It is not sufficient to authorize the remedy by injunction, that a violation of a naked legal right of property is threatened, there must be some special ground of jurisdiction, and where an injunction is the final relief sought, the facts entitling the plaintiff to it must be averred in the complaint.

Plaintiff's complaint alleged in substance that he was the owner of certain shares of corporate stock, which had been pledged to secure a loan and had been transferred on the books of the corporation to defendant as trustee for the pledgee; that defendant by reason of his control of the shares, had been enabled to a great extent to control the management of the corporation, and had managed the same without regard to its best interests, and so as to subserve the interests of another corporation; that defendant has heretofore voted on said shares at elections held by the stockholders, and claims the right so to do at future elections; that it is greatly against plaintiff's interest to permit defendant so to vote, and that plaintiff will suffer great and irreparable injury if defendant is permitted to do so. An injunction was asked, restraining defendant from voting on the shares. On appeal from an order granting a temporary injunction restraining defendant from voting *pendente lite, held,* that the complaint did not set forth a cause of action ; and that the granting of the order was error. *McHenry* v. *Jewett* (26 Hun, 453), reversed.

(Argued June 27, 1882, decided October 10, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 3, 1882, which affirmed an order of General Term, granting a preliminary injunction herein. (Reported below, 26 Hun, 453.)

The complaint herein, after alleging facts showing plaintiff's title to certain shares of the stock of the Cleveland, Columbus, Cincinnati and Indianapolis Railway Company, which were pledged as security for a loan, and were transferred on the books of the company to defendant as trustee for the pledgee, also alleging that an accounting was pending to determine the amount due plaintiff, and his intention and ability to redeem, concluded as follows:

" The plaintiff further shows, that the defendant is president of the New York, Lake Erie and Western Railway Company, and that, by reason of his control of the said Cleveland shares hereinbefore mentioned, he has been enabled, to a very great extent, to control the management of the Cleveland, Columbus, Cincinnati and Indianapolis Railway Company, and has managed the same so as to best subserve the interests of the New York, Lake Erie and Western Railway Company, with little or no regard to the best interests of the Cleveland, Columbus and Cincinnati road.

The plaintiff further shows that it is greatly against his interest as a shareholder of the said Cleveland, Columbus, Cincinnati and Indianapolis Railway Company to permit the defendant to vote upon said shares.

He further shows that at elections heretofore held by the shareholders of the Cleveland, Columbus, Cincinnati and Indianapolis Company the defendant has voted on said 11,477 shares of said stock, and claims the right to vote thereon at future elections, and plaintiff fears he will do so unless restrained and enjoined from so doing.

Plaintiff further shows that he would suffer great and irreparable injury if the defendant should be permitted to vote on said shares.

The plaintiff demands judgment herein, that the defendant be restrained and enjoined from voting, either in person or by

proxy, on 11,477 shares of the capital stock of the Cleveland, Columbus, Cincinnati and Indianapolis Railway Company, or upon any part of said 11,477 shares which are now registered upon the books of said company in the name of said "H. J. Jewett, Trustee," at any meeting of stockholders for the election of directors of said company, or at any meeting of stockholders of said company for any purpose whatever.

And that said Hugh J. Jewett be enjoined and restrained from giving any proxy or power to any other person authorizing such shares, or any part thereof, to be voted on at any meeting of stockholders."

The order in question restrained defendant from voting upon the stock in person or by proxy, or from giving a proxy *pendente lite.*

*W. W. Mac Farland* for appellant. To entitle a suitor to an injunction as an interlocutory remedy, he must present a case of immediate danger of irreparable loss. (*N. Y. Printing and Pub. Co.* v. *Fitch*, 1 Paige, 98; *Corporation, etc.*, v. *Mapes*, 6 Johns. Ch. 46; *Ogden* v. *Kipp*, 2 id. 160; *Babcock* v. *N. J. S. Y. Co.*, 5 C. E. Greene, 298; *Richards' Appeal*, 57 Penn. St. 105; Kerr on Injunctions, 611; Mitford and Tyler's Pleadings and Practice in Equity, 229.) That danger is imminent, that the injury will be great, and irreparable, must be the judgment of the law upon facts stated and duly verified. (*Sheridan* v. *Jackson*, 72 N. Y. 170; *Scofield* v. *Whitelegge*, 49 id. 259; *Pattison* v. *Adams*, 7 Hill, 127; *Cook* v. *Warren* [Ct. App., Feb. 7, 1882], 14 Week. Dig. 50; High on Injunctions, §§ 34, 35.) The unconditional assignment of the shares by way of pledge, and the surrender of the certificates operates as a complete novation of the contract of membership in the corporation. (Morawetz on Corporations, §§ 320, 360; 12 Otto, 102.) The contract in this case being silent on the subject of voting on the shares, the court must find the intention of the parties by the application of the received rules for the interpretation of contracts, and, when it is ascertained, the intention is to govern. (2 Kent's Com. 477;

Addison on Contracts, chap. 26, § 2; Chitty on Contracts, 1, 20; *Mactier* v. *Frith*, 6 Wend. 112; Pothier on Obl., art. 1, § 1, p. 105; Story on Bailments, §§ 290, 300, 305, 311, 322, note, 329, 330; Bell's Com. Laws Scotland [7th ed.], 23, 24; *Wilson* v. *Little*, 2 Comst. 443; *Gen. Mut. Ins. Co.* v. *Sherwood*, 14 How. [U. S.] 362; *Scofield* v. *Union Bk.*, 2 Cranch C. C. 115; *Am. Ry., etc., Co.* v. *Haven*, 101 Mass. 398; Morawetz on Corporations, 361; *Ex parte Holmes*, 5 Cow. 476; *Vowell* v. *Thompson*, 3 Cranch, 428.)

*B. F. Dunning* for respondent. A pledgee of shares of the capital stock of an incorporated company, although he may have had them registered in his name on the books of the company, cannot, as mere pledgee, exercise the voting power conferred by the stock in defiance of and contrary to the wishes and interest of the pledgor. (Story on Bailments, § 89; 1 Schouler on Personal Property, 518; Lewis' Law Relating to Stocks, Bonds and Other Securities in the U. S., p. 120; Stephens on Joint-stock Companies, 401; Redfield on Carriers and other Bailees, §§ 659, 527, note 1; Dos Passos on Stock Brokers and Stock Exchanges [March, 1882], p. 137; *Lawrence* v. *Maxwell*, 53 N. Y. 19; *Vowell* v. *Thompson*, 3 Cranch's C. C. 428; *Scholfield* v. *Union Bk.*, 2 id. 115; *Ex parte Wilcocks*, 7 Cow. 402, 410; *McDaniels* v. *The Flour Brook Manf. Co.*, 22 Vt., 274; *Heath* v. *Silverthorne*, 39 Wis. 117.)

ANDREWS, Ch. J. The complaint shows that the plaintiff is pledgor of shares of railroad stock transferred on the books of the company to the defendant as trustee for the pledgee, and the action is brought to restrain the defendant from voting upon the shares at the meetings of stockholders, which it is alleged he has heretofore done, and claims the right to do in the future by reason of his title and right as trustee of the stock. The order from which this appeal is taken, granted a temporary injunction restraining the defendant, *pendente lite*, from voting on the shares. We think the injunction was improperly allowed,

for the reáson that it does not appear from the complaint that
the plaintiff is entitled to the final relief for which the action
is brought, and in such case a temporary injunction is unau-
thorized. (Code, § 603.) It is claimed on the part of the plaint-
iff that within the general rule that a pledgee has no right to
use the thing pledged, the defendant is not entitled to vote
upon the shares, which, it is insisted, is a use of the shares in
violation of this rule. On the other hand the defendant claims
that the voting power passes to the pledgee of corporate shares
transferred on the books of the corporation to the pledgee, as
incident to the pledge, and according to the presumed intention
of the parties. Without considering this question, but conced-
ing the plaintiff's claim, it does not follow that he is entitled
to an injunction restraining the defendant from voting on the
shares. It is not sufficient to authorize the remedy by injunc-
tion, that a violation of a naked legal right of property is
threatened. There must be some special ground of jurisdiction,
and where an injunction is the final relief sought, facts which
entitle the plaintiff to this remedy, must be averred in the com-
plaint, and established on the hearing. The complaint in this
case is bare of any facts authorizing final relief by injunction.
It is true that it is alleged that the defendant by the use of
the shares, has been enabled to a great extent to control the
management of the corporation in the interest of the New
York, Lake Erie and Great Western Railway Company,
with little or no regard to the best interests of the company
issuing the shares. But there are no facts supporting this
allegation, nor is it averred that the interests of the latter com-
pany have been prejudiced, or that the value of the shares has
been impaired by the acts of the defendant. So also it is alleged
that it is greatly against the plaintiff's interest as a shareholder,
to permit the defendant to vote upon the shares, and that the
plaintiff will suffer great and irreparable injury, if the defend-
ant is permitted to do so. But no facts justifying these con-
clusions, are stated; and the mere allegation of serious or
irreparable injury, apprehended or threatened, not supported
by facts or circumstances tending to justify it, is clearly insuf-

ficient. Neither injury to the plaintiff's property, inadequacy of the legal remedy, or any pressing or serious emergency, or danger of loss, or other special ground of jurisdiction, is shown by the complaint. The complaint, therefore, does not show that the plaintiff is entitled to final relief by injunction. (*Corporation, etc.*, v. *Mapes*, 6 Johns. Ch. 46; *N. Y. Printing, etc., Establishment* v. *Fitch*, 1 Paige, 98; High on Injunctions, §§ 22, 34, 35, and cases cited.) The preliminary injunction was granted upon the complaint, and an affidavit verifying the statements therein, without stating any additional facts. It is doubtless sufficient that a probable or *prima facie* case be made, to justify the granting of an injunction *pendente lite*, but where, as in this case, it clearly appears that the complaint shows no cause of action, then a preliminary injunction is unauthorized, and the granting of it is error of law, which may be reviewed by this court, on appeal. (Code, § 190, sub. 2; *Allen* v. *Meyer*, 73 N. Y. 1; *Wright* v. *Brown*, 67 id. 1; *Collins* v. *Collins*, 71 id. 270; *Paul* v. *Munger*, 47 id. 469.)

The order of the General and Special Terms should therefore be reversed, with costs.

All concur, except Rapallo, J., dissenting, Miller and Tracy, JJ., absent.

Order reversed.