Daniels, J.
The injunction order restrains the defendant from placing or erecting any building, structure or obstruction within the strip of land described in the complaint as a proposed extension of Prospect avenue. This proposed extension of the avenue was of the same width as the avenue itself, and the defendant had conveyed a lot of land to William A. Pemberton, bounding it by the westerly line of the proposed extension of Prospect avenue. This extension of the avenue was exhibited by a plan or map of land conveyed to the defendant, including the avenue as already laid out and the proposed extension to be made of it through this land. The lot conveyed to Pemberton was a part of the land laid out in this manner, and the plaintiff became the owner of it by mesne conveyance, through which Pemberton’s title was derived by him. The defendant proposed to obstruct this extension of the avenue by placing or erecting a building in a portion of the proposed avenue, and thereby closing so much of it to the use und enjoyment of the plaintiff as the owner of the lot conveyed to him. And he has insisted upon his right to devote so-much of the proposed avenue to this purpose notwithstanding the conveyance of the land to Pemberton, and after-wards by him in this manner to the plaintiff. It has been averred in the complaint, and such seems to be the fact, that a map or plan of the streets or avenues proposed to be laid out and used as such through the ground conveyed to the defendant and of the avenue in front of the plaintiff’s lot, had been adopted and filed by the commissioners of public parks, exhibiting the same streets or avenues, by the owner of the land previously proposed to be placed and maintained upon and through this land.
The division of the land into lots, streets and avenues, and the conveyance of this lot bounded upon the proposed avenue to Pemberton, whose title has been acquired by the plaintiff, was such an appropriation of so much of the property for the creation and maintenance of the avenue as entitled" him to its free and unobstructed use for the benefit of his lot, against the acts proposed to be performed by the *339 defendant, necessarily attended .with the result of defeating this right or privilege.
This subject has been considered by this court in Matter of Public Parks (6 Hun, 486), and in Matter of Sixty-seventh Street (60 How., 264), where this was maintained to be a fixed principle of the law, and it has received the sanction of the court of appeals in Matter of Eleventh Avenue (81 N. Y., 436).
It is true that the facts of the case have not been stated, or laid before the court, with that degree of minuteness and particularity which its importance would ordinarily have dictated, but sufficient has been disclosed by the pleadings and the affidavits to exhibit this as the true state of the affairs brought into, controversy in the action. It has been instituted to maintain and vindicate the plaintiff’s right to the use and enjoyment of the proposed avenue for the benefit of the lot bounded upon it, and afterwards conveyed in the same manner to him. And as he has the right to have the proposed avenue maintained free and unobstructed for the convenient use and enjoyment of his lot, an injunction is the proper remedy to obtain that result. And that it may be issued in such a case has the sanction of Broistedt v. Southside R. R. Co. (55 N. Y., 220), and Newman v. Nellis (97 id., 285) follows this principle.
The case differs but very materially from that of McHenry v. Jewett (90 N. Y., 58), where it was held by the court that the injunction could not be sustained for the reason that the complaint disclosed no cause of action.
In the present case the complaint does disclose a cause of action for redress by way of injunction, preventing the misappropriation, or obstruction, of the land laid out for the avenue, for the benefit of the purchasers of lots bounded upon it, and appropriated to their enjoyment and use.
The order was rightly made and it should be affirmed, with ten dollars costs and also the disbursements.
Van Brunt, P. J., and Brady, J., concur.