RICHARD W. BRASS et al., Appellants, *v.* ALBERT RATHBONE et al., THE BOARD OF WATER COMMISSIONERS OF THE CITY OF ALBANY, Respondents.

1. MUNICIPAL WATER SUPPLY — EXCESSIVE USE BY PRIVATE CONSUMER — CONTRACT FOR PAYMENT, OR CUTTING OFF OF WATER. Where municipal water supply authorities, empowered by statute to regulate the use of water by private consumers, to establish water rents for ordinary use and special rates for additional use, and to enforce regulations by cutting off the water, have made a regulation limiting the ordinary use for a building assessed for an ordinary annual water rent to a certain number of gallons daily and providing that if more water is used without a permit and payment of the special rate the supply may be cut off, and, on ascertaining that an excess of water is being used in a building, have presented bills to the owner for the excess used, according to established rates, on which the regulations are indorsed, a contract is created between the owner and the water authorities that he will pay the price established for water used upon the premises, including special rates for any excess over the limited amount, and that in default of payment the water may be shut off.

2. STATUTORY AUTHORITY TO CUT OFF WATER SUPPLY. The legislature is authorized to confer upon municipal water authorities power to enforce compliance with their rules on the part of private consumers by cutting off the water; and when such power has been conferred, its exercise, in a case within the statute and the regulations, cannot properly be restrained by the courts.

3. PREMISES IN POSSESSION OF TENANT — INJUNCTION. Where the premises supplied with water are in the exclusive possession of a tenant, who unlawfully uses or wastes an excess of water without a permit, any injury that may be produced by a shutting off of the water by the water authorities during his tenancy and occupation is an injury to the tenant and not to the owner, and does not entitle the owner to an injunction.

4. INJUNCTION — PLEADING. The mere allegation in a complaint of great or irreparable injury to the plaintiff and his property, not supported by facts or circumstances, is insufficient to warrant relief by injunction.

*Brass* v. *Rathbone*, 8 App. Div. 78, affirmed.

(Argued June 11, 1897; decided October 5, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 4, 1896, which affirmed a judgment in favor of

defendants entered upon a decision of the court at a Trial Term dismissing the complaint.

This action was commenced in November, 1895. A temporary injunction and an order to show cause why it should not be continued were also obtained. Upon the return of the order a hearing was had at Special Term and the injunction was continued. From that order the defendants appealed to the General Term where it was reversed. The case subsequently came on for trial, when the complaint was dismissed.

The nature of the action and the facts relating thereto, so far as material, are stated in the opinion.

*E. D. Flanigan* and *E. Countryman* for appellants. Plaintiffs having paid the annual rent were entitled to the use of water for the common and ordinary purposes of their building for the time for which they paid. (L. 1850, ch. 235, § 23; *M. S. Bank* v. *Lowell*, 152 Mass. 556.) Even though a charge could be made by defendants for the use of water, the only person liable for the charge was the occupant. (L. 1850, ch. 235, §§ 23, 25, 26; Burroughs on Taxn. § 128; *Stock* v. *Boston*, 149 Mass. 410; *M. S. Bank* v. *Lowell*, 152 Mass. 156; *Dayton* v. *Quigley*, 29 N. J. Eq. 77.) Defendants had no power or authority to create a charge for water already used; had no power to charge for water based on meter measurement, and their threat to shut off the water for non-payment of this charge was *ultra vires*. (*C. R. B. Co.* v. *Warren Bridge*, 11 Pet. 429; *A. & C. P. R. Co.* v. *Douglass*, 9 N. Y. 444, 452, 453; *Fort Plain Bridge Co.* v. *Smith*, 30 N. Y. 44, 61; *Power* v. *Vil. of Athens*, 99 N. Y. 592; *People ex rel.* v. *Mulholland*, 82 N. Y. 324; *M. L. Ins. Co.* v. *Mayor, etc.*, 144 N. Y. 494; *Tripler* v. *Mayor, etc.*, 139 N. Y. 1; *In re Trustees Union College*, 129 N. Y. 308; *In re Curtis*, 142 N. Y. 219; L. 1870, ch. 383, § 13; L. 1892, ch. 304, § 5; L. 1854, ch. 253.) The charge for this water was in the nature of a debt under a contract between the defendant and the user of this alleged extra water consumed over and above the common and ordinary amount. (*Jones* v.

*Water Comrs.*, 34 Mich. 273 ; *Treadwell* v. *Van Schaick*, 30 Barb. 444 ; *Silkman* v. *Water Comrs.*, 152 N. Y. 327 ; *S. Ins. Co.* v. *Vil. of Keeseville*, 148 N. Y. 46.) The proof establishes that defendants had no power or authority to make any charge for the use of water on these premises. (L. 1850, ch. 235, § 19.) Defendants' power in the premises was limited solely to the enforcement of a penalty against the occupant for the violation of a by-law. (L. 1850, ch. 235, § 29 ; *State* v. *Zeigler*, 32 N. J. L. 262, 268 ; *Hart* v. *Mayor, etc., of Albany*, 9 Wend. 571 ; *Mayor, etc.*, v. *Murphy*, 40 N. J. L. 145 ; *Mayor* v. *Clunet*, 23 Md. 449, 467 ; *Kettering* v. *Jacksonville*, 50 Ill. 39 ; *State* v. *Plainfield*, 38 N. J. L. 95 ; *Strohm* v. *Iowa City*, 47 Iowa, 42 ; *Martindale* v. *Palmer*, 52 Ind. 411 ; *State* v. *Washington*, 45 N. J. L. 318 ; *State* v. *Mayor, etc.*, 25 N. J. L. 400.) The action of defendants in making this charge was clearly the result of mistake, to correct which is peculiarly the province of a court of equity. (Cooley on Taxation [2d ed.], 761 ; Desty on Taxation, 670 ; *Temple Grove Seminary* v. *Cramer*, 98 N. Y. 121 ; *Scott* v. *Onderdonk*, 14 N. Y. 9.) The resolution fixing the consumption at 150 gallons per day for ordinary uses and common purposes, and which is the basis of defendants' acts, is void, and no authority or jurisdiction is conferred thereby or thereunder upon the defendants to place a meter upon plaintiffs' property. (29 Am. & Eng. Ency. of Law, 18 ; 17 Am. & Eng. Ency. of Law, 247 ; *Mobile* v. *Eslava*, 16 Pet. 234 ; *Maillard* v. *Lawrence*, 16 How. [U. S.] 251 ; *Gross* v. *Fowler*, 121 Cal. 392.) The objection to the admission in evidence of that portion of defendants' report as to the charge for water being six cents per 100 cubic feet was improperly overruled, and the exception to the ruling should be sustained. (*People ex rel.* v. *Cobb*, 13 App. Div. 57 ; L. 1892, ch. 304.)

*John A. Delehanty* for respondents. The proposed action on the part of the defendants, which the plaintiffs seek to restrain, is expressly authorized by law. (L. 1892, ch. 304 ; L. 1850, ch. 235, §§ 18, 29 ; L. 1854, ch. 253, §§ 23, 24, 25.)

There was an implied contract on the part of the plaintiffs to pay for the water actually consumed on the premises in question, and in the event of a breach of such contract resulting from plaintiffs' refusal to make the required payments, the defendants had the right to withhold further service. (L. 1850, ch. 235, § 29; *Silkman* v. *Water Comrs.*, 152 N. Y. 327; *Provident Inst.* v. *Mayor, etc., of Jersey City*, 113 U. S. 506; *Vreeland* v. *O'Neil*, 36 N. J. Eq. 199; 36 N. J. Eq. 574; *Sheward* v. *C. P. Co.*, 90 Cal. 635; *T. H. Co.* v. *T. L. & W. Co.*, 38 Am. & Eng. Corp. Cas. 140; *G. L. Ins. Co.* v. *Philadelphia*, 88 Penn. St. 393; *Comm. ex rel.* v. *Philadelphia*, 132 Penn. St. 288; *People ex rel.* v. *M. G. L. Co.*, 45 Barb. 136; *Moffat* v. *Henderson*, 18 J. & S. 217; *Frothingham* v. *Benson*, 44 N. Y. Supp. 879; *Hill* v. *Thompson*, 18 J. & S. 171.) The use of the meter was adopted for the purpose and simply as a means of ascertaining the actual amount of water furnished. No statutory authority for its use was required. (*Hill* v. *Thompson*, 18 J. & S. 167; *Treadwell* v. *Van Schaick*, 30 Barb. 444; *C. S. B. Church* v. *Mayor, etc.*, 1 Hoff. 286.) The power to fix the amount to be paid for extra quantities of water supplied to consumers, and which are denominated in the statute "special rates," was intrusted to the board of water commissioners for their exclusive determination. (L. 1854, ch. 253, §§ 23, 25; L. 1892, ch. 304, § 5.) The objection to the admission in evidence of that portion of defendants' report which shows the rate established for water measured by means of a meter was properly overruled. (L. 1892, ch. 304, § 5.)

MARTIN, J. The purpose of this action was to obtain a permanent injunction restraining the defendants from shutting off the water upon premises owned by the plaintiffs in the city of Albany. The defendants are the water commissioners, appointed under the provisions of chapter 235 of the Laws of 1850, which was an act to provide for a supply of water in that city. By the statute the defendants were authorized to make such by-laws or regulations for the preservation, protec-

tion and management of the water works to be constructed
by them, and for the use and control of the water, as might
be deemed advisable, which, when ratified or approved by the
common council, were to have the same force and effect as
any law or ordinance by them enacted. (§ 19.) The same
act provided that the observance of the rules made by the
water commissioners might be enforced by cutting off the use
and supply of water. (§ 29.) They were also authorized to
establish a scale of rents to be charged for the supply of
water, to be known as " water rents," which were to be
apportioned to the different classes of buildings in the city,
in reference to their dimensions, values, exposures to fires,
ordinary uses for dwellings, stores, private stables and other
common purposes, number of families or occupants, or con-
sumption of water as near as might be practicable. (§ 23.)
It likewise provided that hotels, factories, stables and other
buildings which should consume water beyond the quantity
required for ordinary uses or common purposes, as specified
in section twenty-three, should pay therefor, as special rates,
in addition to the rents established, such sum as the commis-
sioners should determine. (§ 25, Am. Ch. 253, L. 1854.)

In pursuance of this statute, the defendants made certain
rules or regulations, which were approved and ratified by the
common council. One of the rules provided that occupants
of buildings, assessed for annual water rents, should be
allowed to use in and about their buildings one hundred and
fifty gallons of water daily for ordinary use, and not exceed-
ing that quantity without a special permit. Another was to
the effect that if more water was used in any building with-
out a permit than was allowed by the regulations, the occu-
pant should be liable to a penalty to be fixed by the commis-
sioners, and the superintendent, in his discretion, was author-
ized to shut off the supply of water. It further provided
that where the superintendent shut off the water pursuant to
this regulation, it might be restored by the party's conforming
to his directions and paying all expenses incurred, and that
any person who should feel aggrieved by the shutting off of

the water might appeal to the water commissioners, who should finally determine the matter.

For the year ending December 1, 1895, the plaintiffs paid fifteen dollars for ordinary annual water rents. By that payment they or their tenant became entitled to use one hundred and fifty gallons of water daily and no more. Prior to the commencement of this action the defendants placed a meter upon the pipes leading to the plaintiffs' building, and thereby ascertained that their tenant was using from two thousand to five thousand gallons daily, instead of one hundred and fifty. For the additional amount of water thus used from December 18, 1894, to May 15, 1895, at the price established by the defendants' rules, the sum of $60.73 was properly chargeable. Thereupon the defendants served a notice upon the plaintiffs requesting the payment of that amount, and stating that unless it was paid the water to the plaintiffs' building would be shut off.

That this additional amount of water was used is not denied. The rules of the water commissioners were indorsed upon the bills presented, so that the plaintiffs must have been aware of the defendants' authority to charge special rates where an excess of water was used, and to shut it off in case the amount was not paid.

In *Silkman* v. *Water Commissioners* (152 N. Y. 327) this court held that rents charged by a public corporation for water actually used by private consumers were not in any just sense taxes, but that persons using the water were liable to pay for the amount used according to the rates established, upon the ground of an implied contract between the parties, and that as the rates were known to the persons applying for a supply of water when the application was made, it was in effect an assent by the applicant to the terms provided by the rules, and constituted a contract between the parties. In that case, as in this, the action was to restrain the defendant from shutting off the water to the plaintiff's premises, and it was there held that the action could not be maintained.

We think the facts in this case bring it within the principle

of the decision in the *Silkman* case, and that there was an
implied, if not an express, contract between the plaintiffs and
the defendants that the former would pay the prices estab-
lished by the water board for water used upon the premises,
including special rates where more than one hundred and fifty
gallons were used daily, and that, in default of payment, the
water might be shut off. Thus, the right of the defendants
to shut off the water when it was not paid for was not only
given by statute, but it was also a part of the agreement
between the parties.

As the statute organizing the defendants provided that they
might enforce a compliance with their rules by shutting off
the water, the act threatened was justified and could not be
properly restrained. That the legislature was authorized to
confer that power upon the defendants, there can be no doubt.
We practically so held in the *Silkman* case. That right
having been conferred upon the defendants by law, the court
had no authority to prevent its exercise.

There is another ground upon which the judgment should
be upheld. The property in regard to which this action was
brought was not in the plaintiffs' possession or under their
control. It was in the sole possession of their tenant, who
improperly wasted or used the excess of water complained of.
That his use of the water without a special permit was unlaw-
ful and unauthorized is obvious. He could use that amount
only when authorized by a special permit, and upon payment
of the special rates provided by the rules of the water com-
missioners. Any injury that might be produced by shutting
off the water before the expiration of his term would be an
injury to the tenant and not to the plaintiffs.

Under the circumstances proved, the tenant could not claim
an eviction in consequence of not being supplied with water.
Nor would he have any right to vacate the premises as being
untenantable under the provisions of chapter 345 of the Laws
of 1860, as that statute confers such a right only when the
premises become untenantable and unfit for occupation with-
out any fault or neglect of the tenant.

It may be that the act of the tenant in wrongfully using an excess of water without permit or compensation, would not affect the rights of the plaintiffs after the expiration of his tenancy and after they had resumed possession of the premises, as to hold otherwise might result in making them liable for a wrong for which they were in no way responsible. (*Morey* v. *Metropolitan Gas Light Co.*, 38 N. Y. Supr. Ct. R. [6 J. & S.] 185.) But neither that question nor the question of the plaintiffs' liability as landlord for the water wrongfully used by their tenant is before us. The tenant was the only person to be affected during the continuance of his tenancy by the threatened act of the defendants, and, as it was the result of his own wrong, he has no remedy. As the plaintiffs would not be injured by shutting off the water during the continuance of such tenancy, clearly they were not entitled to the relief demanded.

The plaintiffs obviously seek to maintain this suit upon the ground that the threatened acts of the defendants would produce irreparable injury to them and their property. The only allegation in their complaint, however, is that the discontinuance of the supply of water to their premises would work a great hardship to the tenant and produce great and irreparable injury to the plaintiffs. But no facts are stated in the complaint justifying that conclusion. The mere allegation of great or irreparable injury apprehended or threatened, which is not supported by facts or circumstances tending to justify it, is clearly insufficient. Therefore, the complaint does not show that the plaintiffs were entitled to relief by injunction. (*McHenry* v. *Jewett*, 90 N. Y. 58, 62.)

On the trial there was no proof that the threatened act of the defendants would produce any permanent or irreparable injury to the plaintiffs' property, or that they had no adequate legal remedy. Nor was any other special ground shown which was sufficient to confer jurisdiction upon a court of equity to grant the relief sought. The granting or refusing of equitable relief by way of injunction depends largely upon the particular facts in each case, and is to a great extent discretionary with

the courts in which the action originated. ( *Wormser* v. *Brown,* 149 N. Y. 163, 172.)

Other questions were presented by the learned counsel for the appellants which have been carefully examined and considered, without finding any ruling or action by the court below that would justify a reversal or which requires further consideration.

The judgment should be affirmed, with costs.

All concur, except GRAY, J., absent.

Judgment affirmed.