(44 Misc. Rep. 166.)

### GLASCOE et al. v. WILLARD.

(Supreme Court, Special Term, New York County. June, 1904.)

1. PRELIMINARY INJUNCTION—COMPLAINT.
   In order to obtain a preliminary injunction, the complaint must state facts entitling plaintiff to the same.
2. SAME—DEFECTS.
   Defects in the complaint on motion for temporary injunction cannot be supplied by affidavit.
3. SAME—SUFFICIENCY.
   A complaint alleged that defendant, a tenant of plaintiff, without his consent made an opening in the basement, and that, unless he was restrained from using it, irreparable damages would be sustained by plaintiff. Held not to authorize a temporary injunction restraining defendant from using the opening.

Action by Edwin W. Glascoe and Margaret M. Glascoe against Mary H. Willard. On motion to continue injunction pendente lite. Denied.

John G. Ritter, for the motion.
Harrison Clark, Jr., opposed.

GIEGERICH, J. This is an application to continue an injunction pendente lite restraining the defendant from using a cut or opening which it is alleged she caused to be made in the west basement hall of the demised building, without the permission of the plaintiffs, the landlords thereof. Since the right to the injunction depends upon the nature of the action, the facts entitling the plaintiffs to it must be averred in the complaint. McHenry v. Jewett, 90 N. Y. 58. The complaint in the action merely alleges "that, unless this defendant is restrained, great and irreparable damages will be sustained by the plaintiffs." No facts are stated showing the nature of the damages which the plaintiffs may sustain unless the defendant is restrained, or why they will be irreparable, and therefore, under the authorities, the

¶ 2. See Injunction, vol. 27, Cent. Dig. § 318.

complaint is clearly insufficient to entitle the plaintiffs to relief by injunction. In McHenry v. Jewett, supra, the court (at page 62) said:

"So, also, it is alleged that it is greatly against the plaintiff's interest as a shareholder to permit the defendant to vote upon the shares, and that the plaintiff will suffer great and irreparable injury if the defendant is permitted to do so. But no facts justifying these conclusions are stated, and the mere allegation of serious or irreparable injury apprehended or threatened, not supported by facts or circumstances tending to justify it, is clearly insufficient."

In Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905, it was sought to restrain water commissioners from shutting off the water from the premises owned by the plaintiff. The complaint merely alleged that great and irreparable damage was apprehended and threatened, but the statement was not supported by facts and circumstances tending to justify an inference that any damage would be suffered. The court, in holding that the complaint did not show that the plaintiffs were entitled to relief by injunction, said (page 442, 153 N. Y., and page 907, 47 N. E.):

"The plaintiffs obviously seek to maintain this suit upon the ground that the threatened acts of the defendants would produce irreparable injury to them and their property. The only allegation in their complaint, however, is that the discontinuance of the supply of water to their premises would work a great hardship to the tenant and produce great and irreparable injury to the plaintiffs. But no facts are stated in the complaint justifying that conclusion. The mere allegation of great or irreparable injury apprehended or threatened, which is not supported by facts or circumstances tending to justify it, is clearly insufficient. Therefore the complaint does not show that the plaintiffs were entitled to relief by injunction. McHenry v. Jewett, 90 N. Y. 58, 62."

The defect referred to cannot be remedied by affidavit. As was said by the court in Heine v. Rohner, 29 App. Div. 239, 242, 51 N. Y. Supp. 427, 429:

"But it is to be observed that the question of the right to an injunction of this character depends upon the allegations of the complaint, and that, unless it appears from the complaint that the plaintiff is entitled to the judgment of injunction, it cannot issue. Code Civ. Proc. § 603. It may all be very true that evidence may be offered in the shape of affidavits to support the allegations of the complaint, but, where the complaint itself shows no cause of action or right to relief, such right cannot be established by affidavit."

It results from these views that the motion must be denied, with $10 costs to the defendant to abide the event, with leave, however, to the plaintiffs to renew the application upon new papers.

Motion denied, with $10 costs to abide event, with leave to plaintiffs to renew application upon new papers.