(44 Misc. Rep. 409.)

JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited, et al.

(Supreme Court, Special Term, New York County. July, 1904.)

1. COURTS—JURISDICTION—FOREIGN CORPORATIONS.

The Supreme Court acquired jurisdiction of an action by a stockholder in a Mexican Sugar Company, a New Jersey corporation, to restrain it and a Louisiana corporation from canceling a lease of a sugar plantation in the republic of Mexico, held by the Mexican Sugar Company by assignment from the Louisiana corporation, and from taking advantage of the cancellation of the lease and taking possession of the plantation otherwise than under the lease, and to enjoin the Mexican Sugar Company from assisting in such cancellation. *Held*, where the only property owned by either defendant was located in Mexico, the court would not take jurisdiction of the action where its decree would not be enforceable, and the dispute concerns only the internal affairs of the defendants, and also where the plaintiff has commenced another action in the federal court seeking the appointment of a receiver.

Action by Solomon R. Jacobs and Arthur Jacobs against the Mexican Sugar Refining Company, Limited, and the Mexican Sugar Company. Motion to continue injunction pendente lite denied.

Nathan Bijur, for the motion.

Austin B. Fletcher (William P. S. Melvin, of counsel), opposed.

GIEGERICH, J.   This is an action brought by the plaintiffs in their own behalf and in behalf of other stockholders of the Mexican Sugar Company of New Jersey.   No complaint was presented with the papers on which the preliminary injunction and order to show cause was granted, nor has it yet been served.   The objects of the action, as stated by one of the plaintiffs in his affidavit on which the preliminary injunction was obtained, are as follows:

"This action is brought to set aside any cancellation which may have been attempted by said Mexican Sugar Refining Company of the lease made by it to Max J. Mayer and Samuel S. Lees of said refining company's plantation and buildings in the state of Vera Cruz, republic of Mexico, which lease was duly assigned to the Mexican Sugar Company, and to restrain and enjoin said Mexican Sugar Refining Company from taking advantage, or attempting to take advantage, of any cancellation or pretended cancellation of said lease, or from entering upon or taking possession of said premises under such cancellation, or from exercising or asserting any rights to said premises except pursuant to the terms of said lease, and to restrain said Mexican Sugar Company from confirming, assenting, or co-operating in any way in such cancellation of such lease or the asserting of such rights to said premises by said Mexican Sugar Refining Company, except pursuant to said lease."

Both of the defendants are foreign corporations, the Mexican Sugar Refining Company being a Louisiana corporation, and the Mexican Sugar Company being a New Jersey corporation; and neither of the corporations has any property or assets in the state of New York, but the board of directors of the Mexican Sugar Company hold their meetings in the city of New York, while the board of directors of the sugar refining company meet solely in the city of New Orleans, although there is an executive committee which has held a meeting in the city of New York.   Both corporations have been brought into court by service of the summons upon their officers and by appearances in their behalf. The defendants object to the continuance of the injunction on the ground that, where the right to an injunction depends upon the nature of the action, the parties must proceed under section 603 of the Code of Civil Procedure, and submit the complaint to the court on the application for the injunction, which was not done in this case.   The plaintiffs respond to this that at least some of the injunctive relief asked for is extrinsic of the cause of action, and should therefore be granted; but a careful review of all of the allegations in the plaintiffs' affidavits and of the injunction order convinces me that the right to an injunction depends mainly, if not solely, upon the nature of the action, and therefore the continuance of the same should be denied.   In People ex rel. Gaynor v. McKane, 78 Hun, 154, 159, 28 N. Y. Supp. 981, 982, it is said:

"It is provided in the Code, inter alia (section 603), that when the right to an injunction depends upon the nature of the action, a temporary injunction may be granted when it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the

commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff. Jurisdiction under this provision is made dependent upon the presentation to the court or judge of a complaint setting forth facts upon which the plaintiff claims to be entitled to, and upon which he demands, equitable relief."

And in Sanders v. Ader, 26 App. Div. 176, 49 N. Y. Supp. 964, the court said:

"The injunction here is asked for under the authority of section 603, where the right to an injunction depends upon the nature of the action. In that case the facts must appear from the complaint, and no facts can be considered except such as are set out in the complaint, and facts alleged in an affidavit are not material, and cannot be considered unless they are alleged in the complaint. Stull v. Westfall, 25 Hun, 1. Unless a cause of action is set out in the complaint, and an injunction is demanded as a part of the relief sought, an injunction cannot be granted. McHenry v. Jewett, 90 N. Y. 58. The complaint must, therefore, be presented on applying for an injunction, and, if he fails to present it, the plaintiff does not show that he is entitled to such relief. No complaint was presented here, and therefore the order denying the injunction was correct and should be affirmed."

See, also, Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905, and Glascoe v. Willard, 44 Misc. Rep. 166, 89 N. Y. Supp. 791. While an injunction was sustained in part in Hallenborg v. Greene, 66 App. Div. 590, 73 N. Y. Supp. 403, owing to the peculiar conditions presented by that case, yet the court said (page 597, 66 App. Div., page 408, 73 N Y. Supp.):

"When a judgment against a foreign corporation would not be effectual without the aid of the courts of a foreign country or of a sister state, and it may contravene the public policy of the foreign jurisdiction or rest upon the construction of a foreign statute, the interpretation of which is not free from doubt—as where the subject-matter of the litigation and the judgment would relate strictly to the internal affairs and management of the foreign corporation—the court should decline jurisdiction because such questions are of local administration, and should be relegated to the courts of the state or country under the laws of which the corporation was organized."

But even in that case Chief Justice Van Brunt, in a dissenting opinion, said, "I do not think we can reach anything but the fund here." There is no question but that the court has legal jurisdiction of the defendants; but, should it exercise equitable jurisdiction, particularly in the case of the Mexican Sugar Refining Company of Louisiana? How can the judgments and decrees of this court be enforced against that corporation? Such decrees have no extraterritorial force. They can be made effectual only against the property within the state, or against individuals or officers of the corporation who are made parties to the action. The only property of which we have knowledge as belonging to the corporations is in the republic of Mexico. Its corporate affairs are looked after in Louisiana. How could the mandate of this court require action on the part of the board of directors? How could it disturb in any way the holding of the estate in Mexico? It would seem that the only way in which such a judgment could be made effectual would be by invoking the aid of the courts of a foreign country or of a sister state, and this is condemned in Hallenborg v. Greene, supra. In Kimball v. St. Louis & S. F. R. Co., 157 Mass. 7, 31 N. E. 697, 34 Am. St. Rep. 250, the question of the equitable jurisdiction of the court was

raised. In that case a bill in equity was brought by certain holders of stock in a foreign railroad company, but which had a place of business in Massachusetts, and had five of its directors residents thereof. The prayer was that the company be enjoined from issuing certain bonds, except under certain circumstances, and, the defendant having demurred, the court held that the plaintiff ought to resort, in the first instance, to that court which alone can declare the law of the case with authority, and which can compel obedience to it by force and the bill was dismissed; the court saying in part:

"The objection to our proceeding with the case was taken at the outset, and we are of opinion that it must prevail. We assume, for the purposes of decision, that we have jurisdiction in such a sense that, if we proceed to a decree upon the merits, it would be binding in Missouri. But it seems to us clear that, as among the states of this Union, the plaintiffs ought to resort in the first instance to that court which alone can declare the law of the case with authority, and can compel obedience to it by force. It would be a misuse of our powers to attempt to control the action of those courts in a case like this by an adjudication which would depend upon them for enforcement, and which they might say had mistaken the Missouri law."

This question was also under consideration in Howell v. Chicago & Northwestern R. Co., 51 Barb. 378, and arose upon the question of continuing an injunction pendente lite. The court determined that there was no ground for continuing the injunction as against a foreign corporation, and referred to the opinion of Roosevelt, J., in Cumberland Coal & Iron Co. v. Hoffman Steam Coal Co., 30 Barb. 159, in which he says (at page 171):

"Foreign corporations, it is true, in some instances may sue or be sued in our courts. But to warrant the proceeding there must be either a necessity, or a fitness suggested by the peculiar circumstances. The cause of action, or the subject, or at least some property to be acted upon, must have arisen or be situated within our jurisdiction. Indeed, without these qualifications, or one or more of them, the judgment, should the court render it, would be a nullity. It would operate on nothing in the state and be regarded by nobody out of it."

And in Howell v. Chicago & Northwestern R. Co., supra, Judge Ingraham adds (page 385):

"I do not mean to be understood that in no cases should the courts exercise jurisdiction; but, even if the power exists to compel a foreign corporation to come into our courts and become a party to litigation here, still, where the cause of action arises abroad, where it affects only the internal government of the corporation, where the judgment, if rendered, cannot be in any way enforced against them except by injunction against individual members of the corporation, and the party has an ample remedy in the state where the corporation has a legal existence, the courts here may well decline exercising an equitable jurisdiction in such a case."

Indeed, the plaintiffs seem to have apprehended these difficulties, for from the papers submitted to me it appears that they caused the commencement of another action in the Circuit Court of the United States for the District of New Jersey against the Mexican Sugar Company, in which they seek the appointment of a receiver who will be vested with its estate, and with full power to collect and conserve all its property. This action was undoubtedly commenced in the proper forum, and the court and its receiver will have full power to preserve all the rights of the plaintiffs in respect to the matters complained of in this action and

the court can make an authoritative decree that will be binding upon all of the parties and determine the rights of all. This being the case, I do not think that the courts of this state should be asked to pass upon the same questions without the authority to enforce their decisions, as the Circuit Court of the United States for the District of New Jersey undoubtedly has. The plaintiffs ought not to have two opportunities for trying the same questions in different forums, especially where there is so much doubt as to the right of the courts of this state to interfere. The motion to continue the injunction should, therefore, be denied, with $10 costs.

Motion denied, with $10 costs.