N. & R. Theaters, Inc., Plaintiff, v. ——— Basson, Defendant.

Supreme Court, Kings County, March 10, and May 1, 1925.

Trade unions — picketing — application for temporary injunction to restrain member of defendant labor union from maintaining pickets in front of plaintiff's premises — failure of affidavits to show pickets interfered with plaintiff's business or employees precludes injunctive relief — moving papers defective.

Plaintiff, whose employees are members of a labor union which is not affiliated with the American Federation of Labor to which defendant union belongs, is not entitled to a temporary injunction restraining members of the defendant union from maintaining pickets in front of premises occupied by the plaintiff in the absence of proof showing an interference with plaintiff's business or its employees, either by intimidation or misrepresentation; nor is plaintiff, having failed to annex its complaint to its affidavits on this motion, entitled to injunctive relief, since the right to an injunction cannot be established by affidavits alone.

Motion and renewal of motion by plaintiff to enjoin picketing.

Lazansky, J. Plaintiff's employees are members of a union with which plaintiff has a contract for the employment of its members. The employees of plaintiff, however, are not members of defendant union (Local 306), affiliated with the American Federation of Labor. Defendant union is maintaining pickets in front of plaintiff's place of business. Three men are carrying signs containing the words, " This theater does not employ motion picture operators of Local 306 affiliated with American Federation of Labor." There is no complaint that plaintiff is not treating its employees fairly as to wages, hours of labor, and other incidents of the relationship. It may be fairly inferred that the purpose of the picketing is to persuade plaintiff to discharge its present employees and engage members of defendant's union, thereby breaking its contract with the other union, or to induce plaintiff's employees to join defendant's union. It is too generally stated

in the moving affidavits for the court to find that there is any interference with plaintiff's business.

There is no suggestion that any of plaintiff's employees has been approached or intimidated, or that any of its patrons has been threatened or coerced.   It seems to me, under these circumstances, that there is no basis for restraining the picketing.   Expressions have been found in cases that peaceful picketing is unlawful, where there is no strike.   But in those cases it will be found that there was an interference with the business or employees, either by intimidation or misrepresentation.   Here neither is present.   The trial may develop that the picketing was malicious, and interfered with the business, employees or patrons of plaintiff; but upon the proof here submitted that cannot be determined. .

Furthermore, the complaint is not annexed to the moving papers. The right to the injunction here sought cannot be established by affidavits.   (Civ. Prac. Act, § 877; *Blakeslee* v. *International Motor Co.*, 161 App. Div. 624, and cases cited.)

Motion denied, with ten dollars costs, without prejudice to a renewal upon further facts being presented.

LAZANSKY, J.   Motion denied, with ten dollars costs.   The situation is unchanged except possibly the reason for the attitude of defendant union is disclosed by testimony showing that the scale of wages of the union of which plaintiff's employees are members is lower than that of defendant union.