CATHERINE WICK, Plaintiff, v. CRANE COMPANY and Others, Defendants.

Supreme Court, Oneida County, November 18, 1929.

*Pratt & Fowler*, for the plaintiff.

*Lee, Brennan & Bastow* [*S. W. Brennan* and *Leo O. Coupe* of counsel], for the defendants.

DOWLING, J. Plaintiff claims to be the owner in possession of a parcel of land, and a dwelling house thereon, located on the southerly side of Broad street, Utica, N. Y. The defendant Crane Company claims to be the owner in possession of a parcel of land adjoining the property of the plaintiff on the east. The defendants Alt are engaged in the construction of a large business block upon the said Crane Company property.

The plaintiff contends that her lot is fifty feet and six inches in width, front and rear. The Crane Company contends that its property is one hundred feet in width, front and rear. The plaintiff's deed calls for a lot fifty feet in width, front and rear. The Crane Company's deed calls for a lot one hundred feet in width, front and rear. Plaintiff claims that for upwards of twenty years she and her predecessors in title have occupied and been in exclusive possession of fifty feet and six inches, front and rear, and that said fifty feet and six inches has been inclosed by a fence for more than twenty years, extending from the southerly line of Broad street, along the westerly side of the Crane Company property, to the rear of the plaintiff's property. Plaintiff claims the title to said six-inch strip along the easterly side of her property by adverse possession. The Crane Company claims title to said six inches by its said deed, and the Crane Company denies that the plaintiff

and her predecessors in title have been in possession of said disputed strip for more than twenty years and denies that the plaintiff has acquired title to said strip by adverse possession.

Prior to the commencement of this action, the Crane Company, by and through the defendants Alt, as general contractors, began the construction of a large mercantile building upon its said lot. It appears from the answering affidavits, submitted upon the part of the defendants, that in order to construct said building it was necessary to remove a tree which stood on the line between the two properties, which tree the defendants removed. The plaintiff claims that the defendants removed the said fence, which the defendants deny, claiming that said fence was blown down by a heavy windstorm. The defendants, after the falling of said fence, removed the same, but did not destroy it, so that it can be re-erected. After the removal of said tree and fence, the defendants excavated along the westerly side of their said lot, including five and a half inches in width of the disputed strip and have begun the construction of a retaining wall along the westerly side of the defendants' lot, part of which wall occupies five and a half inches of said disputed strip. In the performance of said work the defendants entered upon the plaintiff's land some distance west of said disputed strip, but defendants claim that they had the permission of the plaintiff to make such entry. The plaintiff instituted this action in equity, asking for a judgment compelling the defendants to remove that part of the retaining wall already constructed, and for a permanent injunction restraining the defendants from entering upon the said disputed strip and upon the plaintiff's premises generally, and for damages for the trespass already claimed to have been made by the defendants. Upon the institution of said action, the plaintiff procured an order restraining defendants from entering upon said disputed strip and upon the plaintiff's premises generally, and directing the defendants to show cause why such restraining order should not be continued during the pendency of this action. The question to be decided here is whether or not said restraining order will be continued during the pendency of said action.

Under certain circumstances, an action in equity for the relief demanded in the complaint herein would lie. (*Baron* v. *Korn*, 127 N. Y. 224.)

This action is brought under section 877 of the Civil Practice Act, the plaintiff claiming the right to an injunction on account of the nature of the action. The essential allegations of a complaint in an action for an injunction are as follows:

(1) It must appear, by appropriate allegations of facts, that the

plaintiff will suffer irreparable injury, unless the injunction is granted.

(2) It must appear by the complaint that the plaintiff will suffer substantial damages if the injunction is not granted, as the danger of suffering nominal damages, only, is not sufficient to institute an action for an injunction.

(3) It must appear clearly from the allegations of the complaint that the plaintiff has no adequate remedy at law.

Testing the complaint herein by the above rules, it falls far short of complying therewith. The plaintiff alleges in the complaint that she "will suffer great and irreparable injury, unless said defendants, their agents and servants be restrained from entry upon the premises of the plaintiff and from continuing said trespass. That plaintiff has no adequate remedy at law." The complaint contains no allegations of fact to support either of these conclusions of law, and in this respect the complaint is clearly deficient. (*Brass* v. *Rathbone*, 153 N. Y. 435, 442; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391, 394; *Glascoe* v. *Willard*, 44 Misc. 166.)

Under this particular form of action, the complaint cannot be helped out by the plaintiff's moving and replying affidavits. (*Huntington* v. *Cortland Home Telephone Company*, 62 App. Div. 517, 518; *N. & R. Theaters, Inc.*, v. *Basson*, 127 Misc. 271, 272; *Glascoe* v. *Willard*, *supra*, 168.)

Defendant Crane Company does not propose to construct a building upon the disputed strip. It does propose to erect a retaining wall thereon from front to rear of its property, which retaining wall will not rise above the level of the lot. It proposes to construct a driveway along the westerly side of its said lot, with a basement thereunder. The westerly wall of its building will be several feet east of the disputed area. Upon the papers submitted herein, the title of the plaintiff to said disputed strip is not clear. If the plaintiff should finally succeed in establishing the title to said disputed strip, she can easily be put in possession thereof and recover the damages sustained by her. If the wall of a large building were to be erected upon the said disputed strip, a different situation would obtain.

The moving papers do not indicate that plaintiff's ingress to and egress from her property will be at all interfered with if the defendant Crane Company should construct said retaining wall during the pendency of this action, and in these respects the case differs from *Baron* v. *Korn* (*supra*). In the *Korn* case the plaintiff was a wholesale wine merchant and an importer of wines, which he purchased in casks, using the alleyway in question for the purpose of conveying the casks from the street to the rear of his yard. The

defendant proposed to erect one of the walls of his building on the alleyway in dispute and if he were permitted to do so, the plaintiff would have been unable to use the alleyway for the delivery of his wine casks, and if the defendant were permitted to construct a building upon said alleyway, it would have been impracticable, if not impossible, for the plaintiff to have regained actual possession of the portion of the alleyway occupied by the wall of the building. Under these circumstances, the court restrained the defendant from occupying the disputed area pending the outcome of the action.

It appears undisputed that the defendants entered upon the plaintiff's land to some distance west of the disputed strip. If they had the plaintiff's consent to enter thereon, such consent has been withdrawn.

The defendant will undoubtedly suffer serious damage if it is restrained from carrying out its plans in the construction of said building, pending the disposition of this action. If the plaintiff should fail to establish title to the disputed area and had to bear the burden of the defendants' damage, she might find herself in a serious predicament. If the restraining order were continued, as granted, the plaintiff would have to increase the bond given to a substantial amount, to protect the defendants against damages, which they might sustain on account thereof.

The restraining order, in so far as it relates to said disputed strip, should be dissolved.

In view of the fact that the defendant Crane Company is a foreign corporation, and that it desires to occupy said disputed strip and continue the construction of said retaining wall thereon, it should execute and deliver to the plaintiff a surety company bond to the effect that if the plaintiff shall eventually establish her title to said disputed strip, it would pay to her such damages as she has already sustained or may hereafter sustain by reason of such entry by said Crane Company upon said disputed strip, to an amount not exceeding $5,000.

That part of the temporary restraining order restraining the defendants, their agents and servants from entering upon the plaintiff's land west of said disputed area should be continued in force during the pendency of this action.

Ordered accordingly, with ten dollars costs to the plaintiff.