Town of KIANTONE and Another, Plaintiffs, *v.* WEST RIDGE TRANSPORTATION Co., INC., Defendant.

Supreme Court, Chautauqua County, December 26, 1930.

*Jackson, Herrick, Durkin & Leet* [*Robert H. Jackson* of counsel], for the plaintiffs.

*Frank H. Mott*, for the defendant.

HARRIS, J.   The plaintiff town of Kiantone is one of the townships of and within the duly organized county of Chautauqua, this State, and the plaintiff Jamestown Motor Bus Transportation Co., Inc., is a domestic corporation engaged in the business of bus transportation.   The defendant is a domestic corporation organized under the Transportation Corporations Law.

The plaintiffs, by means of this action and by virtue of the provisions of sections 65, 66 and 67 of the Transportation Corporations Law (§ 67, added by Laws of 1922, chap. 271), seek a judgment restraining the defendant from operating a bus or similar line, in and along the Jamestown-Warren improved highway, or any other highway, within the town of Kiantone.   The matter first came before me at Special Term on an application for a temporary injunction, but on stipulation the action has been submitted to me for final determination on the merits, such submission being on a set of papers, including the pleadings, affidavits and other written proof.

The facts are as follows: The plaintiff maintains a bus line operating within the city of Jamestown and surrounding suburban district, including the town of Kiantone.   The defendant operates a bus line doing interstate business between the city of Jamestown in New York State and the city of Warren in the State of Pennsylvania, which bus line, leaving Jamestown, follows along the main highway known as the Jamestown-Warren highway through the town of Kiantone, into the town of Carroll, and thence south through New York State into Pennsylvania and the city of Warren. The town of Kiantone has passed the resolution necessary, under section 67 of the Transportation Corporations Law, to bring itself within the operations of sections 65 and 66 of such law.   The plaintiff bus company has received the consent of the said town of Kiantone, and a certificate of public convenience and necessity from the Public Service Commission of New York State for the operation of its line along said Jamestown-Warren main highway within the said town of Kiantone.   The plaintiff town of Kiantone, by a vote of four to two of its town board, has refused its consent to the defendant.   The town of Carroll has given to the defendant its consent to conduct its activities through the town of Carroll, and so has the town of Busti, and the defendant has pending before

the Public Service Commission its application for a certificate of public convenience and necessity for operation of its line through the towns of Kiantone, Carroll and Busti. The town of Carroll has not given its consent to the plaintiff bus company for operation of the plaintiff bus company's lines in the town of Carroll. The so-called Jamestown-Warren main highway is in part a county and in part a State highway, and is maintained by county and State funds, but not by town funds. The defendant bus corporation, in addition to its interstate business, transports passengers from the city of Jamestown to the hamlet of Frewsburg located in the town of Carroll, but does not pick up or discharge passengers or transact any business in the town of Kiantone, its buses merely passing through a portion of such town on their way between Jamestown, in this State, and Warren. in the State of Pennsylvania. There is no competition in the town of Kiantone between the plaintiff bus corporation and the defendant bus corporation.

This action appeals to the equity branch of this court and its powers. It is the rule that an individual cannot maintain a suit in equity to enjoin the violation of a law enacted for the protection of the public, unless such individual shows that he or it has been or will be injured in person or property by the violation of such law, and that he has sustained or will sustain special damages by reason of such violation. (*Brass* v. *Rathbone*, 153 N. Y. 435; *Empire City Subway Co.* v. *Broadway & Seventh Ave. R. R. Co.*, 87 Hun, 279; affd., 159 N. Y. 555.)

In view of the fact that there is no competition between the two bus corporations, plaintiff and defendant, there can be no reason to hold that the plaintiff bus line is suffering any injury from the acts of the defendant, and, therefore, in my opinion, the plaintiff bus corporation has no right to bring this action.

In reference to the plaintiff town of Kiantone, as has already been said, there is no business transacted in the town of Kiantone by the defendant bus corporation, and the only operation of said bus corporation through the town of Kiantone is one necessary to its interstate business and is also on a highway maintained by the county or by the State and not by the town, and, therefore, the use of such highway can cause no special damage to the town. It is true that even though the defendant were engaged in interstate commerce, if at the same time it engaged in intrastate commerce, in competition with the plaintiff bus corporation, or to the injury of the plaintiff bus corporation or that of the town, then an injunction would lie on behalf of such injured plaintiff to restrain the defendant from engaging in such intrastate carriage of passengers. (*Pine Hill-Kingston Bus Corp.* v. *Davis*, 225 App. Div. 182.)

I am unable to see where the town of Kiantone suffers any special damage, and am forced to find that the town of Kiantone is not entitled to the relief sought in this action.

In view of the foregoing, the defendant may have judgment against both plaintiffs dismissing the complaint.