JOHN GIBBONS et al., Plaintiffs, *v.* PAULINE HOFFMAN, Defendant.

Supreme Court, Special Term, Bronx County, August 25, 1952.

Adolph C. Orlando for plaintiffs.

Francis X. Stephens, Jr., for defendant.

FRANK, J. The plaintiffs, over seventy-five in number, instituted an action for a permanent injunction against this defendant seeking to restrain the maintenance of a chain link fence across Randall Avenue in the county of The Bronx.

From photographs submitted on the argument and by concession, it is not disputed that at a point some short distance from the high-water mark, the paved portion of Randall Avenue ends. At that point the city erected two large concrete or cement blocks which serve to stop vehicular traffic. There is a sign which reads " dead-end " and a red light to warn vehicles. There is a space between these two legally erected obstructions through which it is possible for pedestrians to walk. Beyond them, there is some growth of weeds, then sand or dirt down to the water's edge. The defendant erected the fence, which is the subject matter of this litigation, behind the traffic obstruction and between them and the water's edge, thus effectively barricading the passage of pedestrians.

By order to show cause, the plaintiffs seek a restraining order requiring the defendant to forthwith remove this fence.

Briefly, it appears that these plaintiffs and many others have, for years, used the foot of this street as a bathing beach. The defendant, owner of the abutting property, has been annoyed and probably harassed by this use. She claims, that not alone have neighbors thus used the street, but that strangers have picnicked, bathed and loitered thereon. Before the commencement of this action, the defendant purchased two tax liens which included the portion of the area in question. Thereafter, defendant erected this fence. Obviously, the purchase of these tax liens did not serve to convey title to the defendant.

In both the complaint and the answer, by admission and affirmative pleading, it appears that the area in question is a public street, that title thereto is vested in the City of New York, and that it is in the public domain.

Section 1530 of the Penal Law defines a " Public Nuisance " as " Unlawfully doing an act, or omitting to perform a duty, which act or omission: * * * 3. Unlawfully interferes with,

obstructs, or tends to obstruct, or renders dangerous for passage, * * * a public park, square, street or highway ''.

Whether the use of the foot of Randall Avenue as a public beach is, under the Administrative Code of the City of New York and the regulations of the board of health and other municipal agencies, permissible has not been established. Assuming, *arguendo*, that such use is authorized and permitted, the Penal Law provisions (§§ 1530–1532) authorize action by the duly constituted officials to punish and thus remove the public nuisance.

Section 82d6–4.0 of the Administrative Code of the City of New York designates the public official who is empowered to direct the removal of an encumbrance or obstruction on a public street within the city of New York.

Nowhere, by statutory enactment, is it provided that one or more individuals may by plenary action assume the function to be performed, if at all, by designated public officers.

The Court of Appeals (*Wakeman* v. *Wilbur*, 147 N. Y. 657, 663–664, opinion per O'BRIEN, J.) has held that, '' When the damage or injury is common to the public and special to no one, then redress must be obtained by some proceeding in behalf of the public and not by private action.''

This rule is varied only when the perpetration of the public nuisance results in private and peculiar injuries with provable special damages to the aggrieved plaintiff such as are not sustained by the rest of the community, and which damages are substantial and not merely nominal. (*Wakeman* v. *Wilbur*, *supra; Hatfield* v. *Straus*, 189 N. Y. 208, 213; *Close* v. *Witbeck*, 126 App. Div. 544.)

This application, if it is to be considered at all, must be deemed to be one made pursuant to section 877 of the Civil Practice Act. The complaint in a cause seeking an injunction based on the nature of the action must contain certain essential allegations. These are: (1) facts must be pleaded to indicate that plaintiffs will suffer irreparable injury unless the injunction is granted; (2) it must appear, from the facts pleaded, that plaintiffs will suffer substantial damages — nominal damages being insufficient to justify injunctive relief; (3) it must clearly appear that plaintiffs have no adequate remedy at law. (*Wick* v. *Crane Co.*, 141 Misc. 31.)

The complaint herein fails to meet this test. No facts are pleaded to establish irreparable injury, substantial damages or that there is no adequate remedy at law. The conclusory alle-

gations unsupported by facts are insufficient. (*Brass* v. *Rathbone,* 153 N. Y. 435, 442.) The affidavits submitted in support of this motion may not be used to cure the weakness manifest in the complaint. (*Blakeslee* v. *International Motor Co.,* 161 App. Div. 624; *N. & R. Theatres* v. *Basson,* 127 Misc. 271.)

Giving every favorable interpretation to the moving papers, nevertheless, there is nothing in these affidavits to establish special or substantial damage.

These plaintiffs are deprived of the opportunity to use this street as a bathing beach. It is an inconvenience to them and may cause a loss of time and the expenditure of effort to travel to a public beach. Their right to use this street as a public beach has not been established by the complaint or by the moving papers. If such use be unauthorized or illegal, a court of equity could not invoke the drastic power of injunctive relief to aid in the continuance of such acts.

The City of New York has not been made a party to this action. No public officer, city or county department has taken action, favorable or unfavorable to the position taken by any of the parties in this litigation. Whether this is due to the failure of the litigants to call the attention of the appropriate agencies having the power to act in the premises, or whether it be because the litigants prefer to shun the intervention of such public authorities and thus avoid a determination as to the legality of the use of this street as a public beach is neither apparent nor can it be gleaned from the papers before the court.

That the City of New York could maintain an action such as this is unquestioned. (*City of New York* v. *Knickerbocker Trust Co.,* 104 App. Div. 223, 229; *Delaware, Lackawanna & Western R. R. Co.* v. *City of Buffalo,* 4 App. Div. 562, affd. 158 N. Y. 266.) Under the Administrative Code an action to enjoin this defendant would appear to be unnecessary. The municipality, through its appropriate officers and departments, has the authority to summarily act. It may remove this obstruction or direct it to be done. It may permit the use of this street in the manner described if such use complies with the legal requirements affecting the health, safety and best interests of the community; and conversely it may prohibit such use, if violative of the applicable laws.

Whether the plaintiffs should seek to implead the city, amend their complaint, or seek the intervention of the proper public agencies, are matters for them to decide after consultation with their counsel.

The motion for a temporary injunction must be denied. An early adjudication of the issues may and should be had, if desired by the plaintiffs. To that end, it is directed that the action be placed on the calendar for the first Monday of the term for which a note of issue is filed. Settle order.