## JAMES T. HAIR CO. v. HUCKINS.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1893.)

No. 209.

1. INJUNCTION—BREACH OF CONTRACT—ADEQUATE REMEDY AT LAW.

Injunction will not lie to restrain the breach of a contract whereby defendant agreed that for the term of five years he would use plaintiff's hotel registers in his business, and no others, for plaintiff has an adequate remedy at law; and a bill filed praying such an injunction is demurrable upon this ground.

2. SAME—REVIEW.

A decree of the lower court sustaining a demurrer to such bill, on the ground that the contract sued on is in restraint of trade, will be affirmed on appeal on the ground of adequate remedy at law, (this having been one ground of demurrer,) and the question of the validity of the contract will not be considered.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

In Equity. This was a suit by the James T. Hair Company against Joseph Huckins to restrain the alleged violation of a contract. The court below sustained a demurrer to the bill, and complainant appeals. Affirmed.

Statement by CALDWELL, Circuit Judge:

The appellant, the James T. Hair Company, and the appellee, Joseph Huckins, entered into a contract, of which the following is a copy:

"Texarkana, May 11th, 1888.

"To whom it may concern: In consideration of the reduced rates (as given elsewhere on this leaf) at which our registers are to be supplied to us, and in further consideration of our hotels being advertised as other hotels are in the 'American Hotel Guide,' free of further charge to us, we have severally contracted with James T. Hair Company to use their supplies of advertising hotel register books upon our respective hotel counters. These books are to be of good material, and well made, and we agree to use them, and no other registers, exclusively, as register books upon our public hotel counters from the time we receive them until they are filled with guests' names (in their own autographs, when possible) in the usual course of business. We also agree that we will refer our guests seeking purchases or professional services to the cards of those firms that shall be represented on the leaves of our register books from time to time, as opportunity is afforded us. We further agree to give said company notice at their Chicago office at least forty days prior to our needing additional registers under this agreement from time to time. This contract to be in force from and after date, or from the expiration of any present contract, if any now in existence, and is made for the term of five years, or while we, or either of us, are in the hotel business, if less than that time.                Joseph Huckins."

Huckins ordered and paid for hotel registers under the contract from the date thereof up to June, 1889, when he ceased to order registers from the appellant, and procured them elsewhere. Thereupon the appellant filed this bill in equity, setting out the foregoing facts, and alleging that, if the appellee continued to refuse to use its registers for the time the contract had to run, it would be damaged $5,000.

The bill prayed "that the defendant, Joseph Huckins, his agents and servants, and each and every one of them, be restrained and enjoined pending the final hearing of this cause from further violation of his contract aforesaid, and particularly from using or causing to be used in his said hotel any register supplies other than those of your orator; that upon the final hearing of

this cause said injunction be continued until the expiration of said contract by its terms; that the defendant be decreed to pay to your orator all damages occasioned your orator by his failure to keep and perform his agreements;" and for general relief. A demurrer to the bill was sustained, and the plaintiff appealed.

William Thompson, for appellant.

L. A. Byrne, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court. According to the record, the court below rested its judgment sustaining the demurrer to the bill upon the ground "that the contract sued on is in restraint of trade, against public policy, and void," and the briefs of counsel are directed chiefly to a discussion of that aspect of the case; but we do not find it necessary to consider the question whether the contract was one in restraint of trade, and void for that reason. One of the grounds of demurrer to the bill is that the plaintiff has a plain, speedy, and adequate remedy at law. That this ground of demurrer was well taken is so plain and obvious as not to require or justify discussion or citation of authorities. Where the court renders the proper judgment it is immaterial whether the reason given for it is right or wrong. The decree of the court below is affirmed.