THE SPERRY & HUTCHINSON COMPANY, appellant,

*v.*

HARRY VINE and LOUIS VINE, partners, &c., respondents.

[Submitted December 8th, 1903.   Decided May 13th, 1904.
Filed May 13th, 1904.]

The defendants agreed with the complainant not to use any trading stamps except the complainant's during the continuance of the contract, but, notwithstanding this agreement, used the stamps of complainant's competitors; the complainant filed this bill for an injunction.—*Held*, that the remedy at law was adequate, and that the bill was properly dismissed.

On appeal from a decree advised by Vice-Chancellor Reed.

*Mr. Edwin Robert Walker,* for the appellant.

*Mr. John M. Dickinson,* for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

On April 3d, 1903, the defendants agreed to receive of complainant "a sufficient number of trading stamps, to be supplied as a discount for cash trade to all persons who may call for them," to pay complainant for all stamps disposed of and "not to use any other coupons, trading stamps or similar device during the existence of this contract."   The contract contained also the following clause: "No dry goods, shoes or gents' furnishing store within two blocks either way to have S. & H. stamps without consent of Vine Brothers."

The defendants, during the continuance of this contract, used and gave out, to use the words of the answer, other trading stamps to cash purchasers of their goods in lieu of the trading

stamps dealt in by the complainant.    Thereupon the complainant filed the bill in this cause, the sole object of which is to restrain the defendants from giving out, distributing, advertising for free distribution, or otherwise, the red star trading stamp, or any other coupon similar to the green trading stamp of the complainant.    Substantially, it is a bill for specific performance. The defence interposed was that one Robinson, a dealer in dry goods, located within two blocks of the defendants, had Sperry & Hutchinson stamps without the defendants' consent, and that it would therefore be inequitable to enforce against the defendants an agreement which had already been violated.    The vice-chancellor took this view of the case and dismissed the bill.    The appellant now argues that the contract means only that "no dry goods, shoes or gents' furnishing store within two blocks" is to have the S. & H. stamp *from the complainant,* and that there has been no breach of the contract on complainant's part since the stamps which the defendants' competitor had were secured from other sources.

Whether this construction of the contract is correct need not be decided.    The question whether it is equitable to enforce specific performance against the defendants involves considerations aside from the question whether there has been a breach of contract by the complainant for which an action would lie. The jurisdiction to decree specific performance is based upon the inability of courts to give adequate relief.    *Brown* v. *Brown, 6 Stew. Eq. 650, 654; Blake* v. *Flatley, 17 Stew. Eq. 228; Rothholz* v. *Schwartz, 1 Dick. Ch. Rep. 477.*

The rule is well stated by Vice-Chancellor Pitney in the last-cited case.

In the present case, the injury to the complainant is the loss of a market for their stamps and consequent loss of profit. There can be no difficulty in ascertaining how many of complainant's green stamps would have been required if their place had not been supplied by their competitor's red star stamps, and the complainant's profit thereon must be a matter of calculation. Assuming that the complainant has a legal right, the remedy at law is adequate.

The decree should be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN—11.

*For reversal*—None.