GEORGE RINGLER & CO. v. MOHL.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

INJUNCTION—BREACH OF CONTRACT—TEMPORARY INJUNCTION.

    A temporary injunction should not be granted in an action in effect to specifically enforce a contract of defendant to sell on certain premises, during the term of defendant's lease thereof, only the beer manufactured by plaintiff; the only injury that defendant will produce being a loss of profits, judgment for which can be had, if plaintiff succeeds, and the effect of granting the injunction being to force defendant out of business, if plaintiff, as it may, refuses to furnish beer.

Appeal from Special Term.

Action by George Ringler & Co. against Henry Mohl. From an order enjoining defendant, during pendency of the action, from buying and selling, on the premises mentioned in the complaint, any beer other than that brewed by plaintiff, defendant appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

David M. Neuberger, for appellant.
Samuel Cohn, for respondent.

INGRAHAM, J. This action is brought to enforce a written agreement whereby the defendant agreed that:

    "He will buy, use, and sell upon the premises, viz., 2403 First avenue, borough of Manhattan, city of New York, and more fully described herein, the beer brewed by George Ringler & Co., and their successors and assigns, and only such ales as may be approved, for and during the full and unexpired term of the lease aforesaid, viz., 15 years from January 1, 1906; * * * and should said Henry Mohl fail to buy, use, and sell upon said premises such ales as may be approved, or buy and sell exclusively the beer brewed by said George Ringler & Co., or their successors and assigns, upon said premises aforesaid, it shall be lawful for said George Ringler & Co., their successors and assigns, to enter said premises and take possession thereof; * * * but it is understood that, should said Henry Mohl, his executors, administrators, and assigns, fully and faithfully perform the conditions of this agreement, the said Henry Mohl, his executors, administrators, and assigns, are to peaceably and quietly enjoy the possession of said premises for and during the entire term of 15 years from the said 1st day of January, 1906."

The complaint alleges the execution of this agreement; that the defendant failed to comply with said agreement, by using and selling on the premises other beer than that brewed by the plaintiff; that on or about the 8th day of August, 1906, the defendant refused and still refuses to buy, and also to use and sell, upon said premises, to the exclusion of all other beer, that brewed by the plaintiff, and also refuses to buy the beer brewed by the plaintiff, and to use and sell the same upon the said premises; that the sale of beer upon said premises would amount to several thousand dollars per annum, and it is impossible to estimate the losses which would result to the plaintiff if the defendant continues to violate the said agreement; and unless the defendant, his agents, and servants are enjoined from violating the same an irreparable injury will result to the plaintiff, and the plaintiff is without any adequate remedy at law. The defendant denies violating the agreement, and alleges that the plaintiff refused to sell him beer, and for that reason he was compelled to procure beer elsewhere.

This action in effect is to specifically enforce a contract by a mandatory injunction. In such a case a temporary injunction should not be granted unless it appears that doing the act during the pendency of the action will "produce injury to the plaintiff." The effect of this injunction is to compel the defendant to purchase the beer that he requires from the plaintiff. The only injury that his not purchasing the beer of the plaintiff will produce will be loss of profits, and if the plaintiff succeeds he can obtain a judgment for such profits. The amount can be ascertained from the amount of beer that defendant used in the meantime. If the injunction in its present form is allowed to stand, if the plaintiff refuses to sell the defendant beer, the defendant will have to go out of business. The defendant can purchase no beer except that of the plaintiff, and there is no obligation on the part of the plaintiff to sell the defendant any beer at all.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to continue the injunction denied, with $10 costs. All concur.

BAUER v. PARKER et al.

(Supreme Court, Appellate Division, First Department. November 23, 1906.)

1. JUDGMENT—PARTIES—JUDGMENT AGAINST A CO-PARTY.

2. APPEAL—DISPOSITION OF CASE—RELIEF TO PARTY NOT APPEALING.

In an action to enforce liability of the directors of a corporation, an interlocutory judgment appointing a referee to take and report the proof of claims against the corporation was, on appeal of some of the directors, reversed. *Held* that, as the purpose of the suit was to determine the claims of all the creditors as against the liability of all the directors, the reversal inured to the benefit of a director who did not appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4568.]

3. JUDGMENT—PARTIES—JUDGMENT AGAINST CO-PARTY.

