HARDY v. ALLEGAN CIRCUIT JUDGE.

EQUITY — INJUNCTION — SUBJECTS OF RELIEF — RIGHTS OF MORT-GAGEE.

> Equity will not interfere to enjoin the selling, on mortgaged premises, of beer not of the mortgagee's manufacture, contrary to the terms of the mortgage, the act complained of not tending to lessen the mortgagee's security.

Mandamus by August Hardy to compel Philip Padgham, circuit judge of Allegan county, to set aside an order granting an injunction. Submitted October 16, 1906. (Calendar No. 21,947.) Writ granted March 26, 1907.

*Grove & McDonald,* for relator.

*Wilkes & Stone (Bundy, Travis & Merrick,* of counsel), for respondent.

CARPENTER, J. In April, 1906, relator purchased from Mary Carmody certain hotel property situated in the village of Wayland, Allegan county. Upon this hotel there was then and is now a mortgage given by said Mary

Carmody, as mortgagor, to the Joseph Schlitz Brewing Company, as mortgagee. The mortgage secured the payment of $4,000 loaned by said mortgagee to said mortgagor, and also the performance of a certain contract (signed by the mortgagor and mortgagee) containing this stipulation:

"A saloon or licensed place for the sale of beer shall be continuously conducted on said premises, in which the beer of the Schlitz Brewing Company shall be exclusively sold, and that during said period (a period of five years from January 1, 1903) no other beer shall be sold or handled or in any manner dealt in on said premises."

Relator, after his purchase, refused to purchase and handle beer of the Schlitz Brewing Company, but bought it elsewhere. Thereupon said Schlitz Brewing Company filed a bill and obtained an injunction enjoining relator from selling other beer on his premises. Relator asks a mandamus compelling respondent, the circuit judge who issued said injunction, to vacate his order granting the same.

In my judgment the agreement respecting the sale of beer secured by the mortgage is one which equity will not enforce, for the very simple reason that the remedy at law for damages is entirely adequate. All that complainant is entitled to is the profits of which he is deprived by the breach of his contract, and this he can recover in an action at law. The circumstance that the performance of the stipulation is secured by a mortgage may give the brewing company a lien for its damages, and may, perhaps, enable those damages to be determined upon the foreclosure of the mortgage; but it does not entitle the brewing company to enforce that stipulation by an injunction. A stipulation not in its nature enforceable by injunction is not so enforceable because its performance is secured by a mortgage. A mortgagee under our law has only a lien upon the mortgaged land to secure his indebtedness. He has no grievance from anything that is done on that land which does not impair its value as such se-

curity. Until he has obtained title by a foreclosure, he cannot, even by stipulation in the mortgage, interfere with the mortgagor's right of possession. *Hazeltine* v. *Granger*, 44 Mich. 503. I think it clear that equity will not at his instance enjoin any act of the mortgagor which does not lessen the value of his security. Conformity to the stipulation in question will not improve the security of the mortgagee, and a breach of it will not impair the value of that security. In other words, that stipulation has no relation to the mortgagee's interest in the land. I am unable to see, then, why the law laid down in this case will not apply to all similar stipulations, though not secured by a mortgage. If an injunction is issued to prevent a breach of this agreement, I do not know how it can be refused to prevent the breach of all similar agreements. In that case, whenever a business man agreed to sell in his place of business the products of a certain dealer and to refuse to sell any other, the court would enjoin a breach of the last mentioned agreement. This would, in my judgment, be opposed to both reason and authority.

In *James T. Hair Co.* v. *Huckins*, 5 C. C. A. 522, it was held, as stated in the headnote of the case:

"An injunction will not be granted to restrain the breach of a contract whereby defendant agreed that for the term of five years he would use plaintiff's hotel registers in his business, and no others, for plaintiff has an adequate remedy at law."

So, in *Steinau* v. *Gas Co.*, 48 Ohio St. 324, where defendant had contracted to use plaintiff's gas upon his premises, and not to use electric lights or oils, an injunction against the use of electric lights in violation of the contract was denied. These cases are referred to with approbation in 2 High on Injunctions (4th Ed.), § 1107. See, also, *Tawas, etc., R. Co.* v. *Iosco Circuit Judge*, 44 Mich. 479. I think, too, we may profitably consider the consequences, if courts enjoin the breach of such contracts. If the court enforce by injunction the agreement of an owner

of property that there shall not be sold thereon the products of any rival of a certain manufacturer or dealer, it thereby stamps what is equivalent to a trust upon that property, and gives manufacturers and dealers a power to place fetters on individual and industrial freedom which self-interest will impel them to use for their own aggrandizement. The protection of their own interest does not require that they should possess any such extraordinary power, for their remedy at law for damages is entirely adequate. I think reason and authority and the best interests of society require us to say that they must be contented with that remedy.

The cases of *Catt* v. *Tourle*, L. R. 4 Ch. App. 654; *Ferris* v. *Brewing Co.*, 155 Ind. 539 (52 L. R. A. 305); *John Brothers Abergarw Brewery Co.* v. *Holmes*, L. R. 68 Ch. Div. 188—are relied upon by respondent as opposed to the conclusion reached in this opinion. There is nothing in *John Brothers Abergarw Brewery Co* v. *Holmes*, supra, requiring consideration; for there the court did not order the issuance of an injunction. In the other cases the courts did enforce by injunction a restrictive covenant similar to the stipulation in question. There is, however, this difference: that in each of these cases the restrictive covenant was inserted in a conveyance by the owner of the property. I doubt, however, if this difference distinguishes those cases from the case at bar; for there the injunction seems to have been sought and granted for no other purpose than to insure to a brewer the profits from the sale of his beer. As authorities denying the proposition asserted in this opinion, viz., that the remedy for damages at law was entirely adequate, these cases are most unsatisfactory. That question does not seem to have been discussed at all in *Catt* v. *Tourle*. All that is said upon that subject is this:

"It has been said that, even if the plaintiff has any right, he ought to be left to assert that right in a court of law."

In *Ferris* v. *Brewing Co.*, supra, the question did re-

ceive consideration, and the right to the remedy by in-
juction was upheld upon these two grounds:

(1) " It is a settled rule that provisions in a lease by
which the lessee agrees that he will not use the leased
premises for certain purposes, or carry on any kind of
business therein except the kind named, may be enforced
by injunction."

This rule, which is founded upon the owner's right to
determine how his land shall be used, has no application
to this case, nor to that case; for in that case a brewing
company, not a party to the lease, was attempting to en-
force the covenant.

(2) " Moreover it is a general rule that where one has
made a valid contract that he will not engage in a certain
business or occupation, and it is shown that said contract
is being violated to the injury of one entitled to enforce
the same, he is entitled to an injunction against the offend-
ing party."

Such covenants are enforced by injunction, because
their breach tends to the destruction of a business, and
the remedy at law for damages is therefore inadequate.
That reasoning does not apply where the damages are the
profits of the beer sold on certain premises.

My confidence in this opinion is, therefore, not shaken
by the authorities cited by respondent. Neither is that
confidence shaken by the circumstance—not heretofore
alluded to—that at law the brewing company has no
remedy against relator. If that circumstance has any
bearing, it only increases my confidence in this opinion;
for those cases are anomalous in which equity will enforce
a contract against a person not liable therefor in a court
of law. And in this connection it is important to note
that the brewing company is attempting to enforce this
contract against relator personally. It is not simply un-
dertaking—and this, perhaps, it has a right to do—to
charge his property as security for the performance of
this contract. The contract involved in this case was; in
my judgment, only a personal contract between the brew-

ing company and Mary Carmody, though, as heretofore observed, the damages resulting from a breach thereof may be a lien secured by a mortgage upon property now owned by relator and enforceable upon the foreclosure of said mortgage.

In my judgment the mandamus prayed for should issue.

MCALVAY, C. J., and GRANT, BLAIR, OSTRANDER, HOOKER, and MOORE, JJ., concurred. MONTGOMERY, J., took no part.