(119 App. Div. 815)

### FLEISCH v. SCHNAIER.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

INJUNCTION—LEASE—SUBLETTING.

Code Civ. Proc. § 603, provides that, to entitle plaintiff to an injunction, it must appear in the complaint that he is entitled to judgment against the defendant, restraining the commission or continuance of an act, the commission or continuance of which during the action will produce injury to the plaintiff. *Held*, that a landlord was not entitled to a judgment restraining his tenant from subletting premises, where it was not forbidden by the lease, under a complaint alleging that the tenant threatened to sublet the premises to negroes, 10 Chinamen, and to the most undesirable persons he could find, and put them in possession and occupancy thereof at the lowest rent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 8–14; vol. 32, Landlord and Tenant, §§ 221–225.]

Appeal from Special Term, New York County.

Action by Adelaide Fleisch against Jacques Schnaier. From an order continuing an injunction, defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Milton Mayer, for appellant.
Wm. A. Keeler, for respondent.

INGRAHAM, J. The plaintiff leased to the defendant the back and front parlors of premises No. 664 Lexington Avenue, to be used by the defendant, the back parlor as a dental office, and the front parlor as a waiting and reception room; the plaintiff further agreeing that she would not rent the basement to any tenant displaying signs, show cases, or articles of merchandise on the outside of the premises. This lease was to commence on October 1, 1905, and was for two years, the tenant to have the privilege of renewing the lease for three years, and for this the tenant was to pay $50 a month. The complaint alleges that the defendant, in the month of March, 1907, threatened and told the plaintiff that he was about to sublet said parlor to negroes, 10 Chinamen, to the most undesirable person or persons he could find, and put them in possession and occupancy thereof at the lowest rent. The defendant does not seem to have answered any of these affidavits, but it is quite clear that there was no justification for an injunction. It is well settled that in the absence of an express restriction, either by contract or by statute, the tenant has a right to assign his lease or sublet the premises. Eten v. Luyster, 60 N. Y. 252; 18 American & English Enc. of Law (2d Ed.) 659.

To entitle the plaintiff to an injunction, it must appear from the complaint that the plaintiff demands and is entitled to judgment against

the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action will produce injury to the plaintiff. Section 603 of the Code of Civil Procedure. As it does not appear from this complaint that the plaintiff would be entitled to a judgment restraining the defendant from subletting the premises, a temporary injunction cannot be granted.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.