PABST BREWING CO. v. SLOANE.

(Supreme Court, Appellate Division, First Department. March 20, 1913.)

INJUNCTION (§ 58*)—CONTRACTS—NEGATIVE COVENANTS.

Where a brewing company lends defendant money to pay for a liquor tax certificate and also fixtures at a cost of about $1,200, in consideration of which the defendant was to sell no beer but that of the said company, the inducing cause being the performance of the covenant of the defendant to sell no other beer, and it appeared defendant was not financially responsible, such covenant was enforceable by injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 111–113; Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by the Pabst Brewing Company against Ralph Sloane. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

A. S. Gilbert, of New York City, for appellant.

Anson Burlingame Cole, of New York City, for respondent.

DOWLING, J.  The sole ground for the order appealed from seems to be that a prior motion for an injunction pendente lite was denied by the learned justice at Special Term upon the ground that the "moving papers failed to show irreparable injury to the plaintiff from the breach of the contract, and that damages in an action at law will not afford adequate relief"—citing Ringler v. Mohl, 115 App. Div. 549, 101 N. Y. Supp. 454.

The complaint herein sets forth that defendant, the lessee of premises occupied by him as a café and restaurant, had applied to plaintiff, a domestic corporation, on August 26, 1910, for the loan of money for the payment of a liquor tax necessary for the obtaining of a certificate permitting the traffic in liquor by the defendant at said premises, and also for the loan of certain fixtures to be used by him in his business; that thereupon plaintiff did loan defendant the sum of $1,200 to enable him to pay the liquor tax, and did loan him the fixtures desired, whereupon the parties entered into a contract in writing, pursuant to which, after reciting defendant's application for the loans, defendant agreed to pay back the money advanced in certain proportions, and further continuing:

"(C) The said Sloane stipulates and agrees, in consideration of all the terms and conditions of this agreement, that there shall not be sold or offered for sale, in the premises hereinbefore mentioned, any lager beer of any kind, character, or description, except the beer manufactured by the Pabst Brewing Company, of Milwaukee, Wisconsin, and sold by the Pabst Brewing Company; but permission is hereby granted to the said Sloane by the Pabst Brewing Company to handle imported and one local domestic bottled beer during the term of the present lease of said premises to him, the said Sloane, and which expires September 30, 1913, and during the term of any renewals thereof to him, or to any firm of which he may be a member, or to any corporation of which the said Sloane may be a stockholder or employé; and to that end and purpose the said Sloane stipulates and agrees that he will not assign the said lease or any renewals thereof to any person, firm, or corporation, save upon the express agreement that such assignment shall be subject to the terms of this contract herein."

The complaint then sets forth the advance of certain other moneys to defendant, on which a balance of $250 is still due, and avers:

"9. That the plaintiff was induced to make the various loans of money to the defendant, as hereinbefore set forth, and to loan to the defendant the various chattels and fixtures hereinbefore referred to, in consideration of the defendant entering into the contract, marked 'Exhibit A' hereof, wherein and whereby the defendant stipulated and agreed that there shall not be sold or offered for sale in the premises conducted by him as a café and restaurant, and hereinbefore referred to, any domestic beer on draft, of any kind, character, or description, except the beer manufactured by the Pabst Brewing Company of Milwaukee, Wisconsin, and sold by this plaintiff, during the term of his lease of said premises, which expires September 30, 1913."

It further sets forth full performance on its part of all the conditions of the agreement between them, but that defendant since October 30, 1912, has refused to comply with the terms thereof, in that it has sold draft domestic beer manufactured by the Joseph Fallert Brewing Company, and intends so to continue; that the chattels loaned by plaintiff to defendant were furnished at an expense to plaintiff of $1,235.36, and that they will be greatly depreciated in value if removed from the premises where they are now installed; that, if defendant is permitted to violate the terms of the agreement, plaintiff will be deprived of large sales of beer, and will suffer irreparable injury; that defendant is not financially responsible, and any judgment that may be recovered against defendant for damages suffered by plaintiff, by reason of defendant's breach of contract, will be uncollectible; that plaintiff is without adequate remedy at law.

We believe that this complaint sets forth a good cause of action in equity. It is apparent, upon an examination of the agreement annexed to the complaint, that the inducing cause of plaintiff's loan of money and chattels to the defendant was the performance of the covenant upon the latter's part not to sell any draft beer, save that of plaintiff, and that its sole purpose in entering into the contract was to extend and enlarge its trade, and not to acquire litigation. In Diamond Match Co. v. Roeber, 106 N. Y. 473, 13 N. E. 419, 60 Am. Rep. 464, where a negative covenant was enjoined, the court held that the equitable jurisdiction of the court to enforce such a covenant by injunction was not excluded by the fact that the defendant, in connection with the covenant, executed a bond for its performance, with a stipulation for liquidated damages; for, as the court said:

"It is a question of intent, to be deduced from the whole instrument and the circumstances; and if it appear that the performance of the covenant was intended, and not merely a payment of damages in case of a breach, the covenant will be enforced"

In the case at bar it amply appears that what both parties deemed of importance and sought to insure was the performance of the contract, and not some recourse for its breach. It further affirmatively appears that defendant is financially irresponsible, and that even the damages would not be recoverable. The right to enforce such a negative covenant as this by injunction has been expressly recognized by the courts of the state of New Jersey. Feigenspan v. Nizolek, 71 N. J. Eq. 382, 65 Atl. 703, affirmed 72 N. J. Eq. 949, 68 Atl. 1116; People's Brewing Co. v. Levin, 78 N. J. Eq. 583, 81 Atl. 1114.[1]

The case of Ringler v. Mohl, 115 App. Div. 549, 101 N. Y. Supp. 454, relied upon by the learned court at Special Term, is not an authority to the contrary. That was a case of an injunction sought pendente lite, which was a matter of discretion. All the plaintiff's allegations were denied by defendant, who further averred that plaintiff had refused to sell him beer, by reason of which he was forced to buy it elsewhere. The court called attention to the fact that under the injunction sought, if plaintiff refused to sell beer to the defendant, the

---

[1] Reported in full in the Atlantic Reporter; reported as a memorandum decision without opinion in New Jersey Equity Reports.

latter would have to go out of business, as he could purchase no beer save that of plaintiff, which was under no obligations to sell him any. That is not this case.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion for judgment denied, with $10 costs, with leave to the defendant to answer within 20 days on payment of said costs. All concur.