(156 App. Div. 528.)

BARTHOLDI REALTY CO. v. ROBARD REALTY CO. et al.

(Supreme Court, Appellate Division, First Department.   May 2, 1913.)

1. INJUNCTION (§ 62*)—USE OF PREMISES—RESTRICTIONS IN LEASE.

Where a landlord, for the purpose of procuring an artistic entrance to art galleries on its premises, inserted in a lease of another part of its premises a provision that no sign, advertisement, or notice should be inscribed, painted, or affixed to or shown in any window within 15 feet of the entrance to the art gallery without the consent of the landlord, equity would enjoin the tenant from violating such provision by placarding his windows with large and startling signs concerning cheap smokers' articles, offensive to the landlord and the art association, and which he refused to modify or remove.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. § 62.*]

2. LANDLORD AND TENANT (§ 134*) — USE OF PREMISES — RESTRICTIONS IN LEASE.

Restrictions in a lease as to the use of the premises were binding on a subtenant, especially where he leased with knowledge of such restrictions.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 482–485; Dec. Dig. § 134.*]

Appeal from Special Term, New York County.

Action by the Bartholdi Realty Company against the Robard Realty Company and others.   From an order denying a motion for an injunction pendente lite, the plaintiff appeals.   Reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Kirby & Wood, of New York City (Gustavus T. Kirby, of New York City, of counsel, and David G. George, of New York City, on the brief), for appellant.

Edward A. Isaacs, of New York City, for respondent.

CLARKE, J.   Thomas E. Kirby and Gustavus T. Kirby, as general partners, and James F. Sutton, as a special partner, are engaged in business under the name and style of the American Art Association, and are proprietors of the American Art Galleries, which are, and have been since 1883, located with their entrance at No. 6 East Twenty-Third street, in the city of New York.   The business of the association is the selling at auction various art and literary property.   Its galleries cover some 30,000 square feet of space, with 12,000 feet under skylights.   Prior to May 1, 1912, the American Art Association merely leased the premises 6 East Twenty-Third street and 7 East Twenty-Second street, as well as part of the premises 940–948 Broadway, but had no opportunity to lease the premises 950–958 Broadway and 2 and 4 East Twenty-Third street, and was in no way able to control the use of this property.   In the spring of 1912 the Messrs. Kirby leased from the owners thereof the property known as 950–958 Broadway, 2, 4, and 6 East Twenty-Third

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
141 N.Y.S.—23

street, and 7 East Twenty-Second street, and a part of the property 940–948 Broadway. At such time there was located on this property the Bartholdi Hotel, occupying the corner of Twenty-Third street and Broadway, immediately next to the entrance of the American Art Association.

For the purpose of carrying on the business of altering and renting this property leased by the Messrs. Kirby, they organized the Bartholdi Realty Company, plaintiff herein, the majority of the stock of which company they hold. The Bartholdi Realty Company has altered the property, by changing the old hotel into an office building, with its entrance on Twenty-Third street, by building a new entrance to the American Art Galleries and the American Art Association, which new entrance occupies the space formerly occupied by the ladies' entrance to the Bartholdi Hotel, and by adding to the ground floor stores on Twenty-Third street. The Bartholdi Realty Company leased to the American Art Association for its art galleries and offices the part of said premises now occupied by it.

[1] The plaintiff company leased to the Robard Realty Company and Orville A. Dickinson, defendants herein, the basement and the ground floor as indicated by the red lines on the two plans attached to the moving papers. Endeavoring to procure an artistic entrance to the galleries, a flower shop was interposed between their entrance and Dorlon's Oyster House to the east, and to protect their entrance to the west they inserted the following clause in the lease to the principal defendants:

"That no part of the demised premises fronting on Twenty-Third street are to be used by the parties of the second part, or shall be permitted by them to be used, as a café, saloon, or restaurant business, or for any business which may be obnoxious to the American Art Association, due consideration being given to the character of the business conducted by the said American Art Association upon other portions of the property of which the said premises constitute a part, and that no sign, advertisement, or notice shall be inscribed, painted, or affixed to or shown in any window on the Twenty-Third street side of the demised premises within 15 feet of the entrance to the building to be provided for access to the galleries of the American Art Association, without the consent of the landlord, and any such sign, advertisement, or notice shall be of such size, color, and style as the landlord shall determine."

Thereafter the defendants sublet to the defendant, Rosenblum, who does business as the Edwin Cigar Company, a cigar stand with a window on Twenty-Third street immediately to the west of the entrance to the Art Galleries and within the 15 feet so limited. He has placarded his windows with large and startling signs, of varieties of cheap smokers' articles, which are offensive to the plaintiff and the Art Association, and has refused to modify or remove said signs upon request.

This is an action in equity to enforce the restrictive covenant of said lease, and to put an end to a display which is to the American Art Association and the plaintiff most offensive, and, as is alleged, brings to naught their careful and consistent plans to secure a decent entrance to the Art Galleries. Upon the exhibits there is no question

as to the character of the signs. The provisions of the restrictive covenant are being violated.

[2] There is no doubt that the subtenant is bound in his occupancy of the demised premises by the covenants of the lease to his immediate lessor, who is the tenant under said lease. McAdam on Landlord & Tenant (4th Ed.) §§ 248, 249. It is also expressly averred that he took with complete knowledge of said restrictive covenant. The only question is whether, upon the facts shown, the plaintiff is entitled to an injunction.

In Steward v. Winters, 4 Sandf. Ch. 587, the court restrained a lessee from conducting an auction business in a store leased to be occupied for "the dry goods jobbing business, and for no other," and held that, where the lease covenants for a particular use of the demised premises, equity will restrict to that use, without any irreparable, or even substantial, injury being shown from the breach of the covenants.

In Weil v. Abrahams, 53 App. Div. 313, 66 N. Y. Sup. 244, there was a covenant in the lease that defendants would "neither place nor allow to be placed any sign or signs, of any kind whatsoever, at, in, or about the entrance to said store, except in or at such place or places as may be indicated by the said landlords and consented to by them in writing." It was alleged in the complaint that in violation of this covenant the defendants were displaying from said premises an auctioneer's flag. An injunction was granted, and was unanimously affirmed in this court, upon the opinion of Mr. Justice Lawrence at the Special Term.

In Waldorf-Astoria Cigar Company v. Salomon, 109 App. Div. 65, 95 N. Y. Supp. 1053, this court enforced by injunction a negative covenant not to rent any portion of a building to any one for the purpose of wholesaling or retailing cigars and tobacco. The injunction in that case restrained, not only the landlord, but a lessee. Upon the trial the injunction was made permanent, and the judgment affirmed. 184 N. Y. 584, 77 N. E. 1197.

The latest case in this court, enforcing a negative covenant by injunction, is Pabst Brewing Co. v. Sloane (Sup.) 140 N. Y. Supp. 858, decided March 26, 1913, not yet officially reported, where the sale of any other than a particular beer was enjoined.

As there appears to be a willful violation of the clear terms of the restrictive covenant, plaintiff is entitled to the aid of the court.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.