TWENTY-FIFTH STREET REALTY COMPANY, Respondent, *v.* ARTHUR WACHTEL, Defendant, Impleaded with WECKSTEIN & WECKSTEIN, INC., Appellant.

First Department, July 2, 1920.

**Landlord and tenant — injunction against violation of subletting clause — admission or withdrawal of partner of tenant as violation of said clause — right of landlord to injunction against third person occupying premises.**

Ordinarily a suit in equity will not lie at the instance of a landlord to enjoin a violation by the tenant of the covenants of a lease with respect to assigning or subletting, but doubtless a court of equity has jurisdiction to issue an injunction in such a case, if the circumstances are such as to require that the landlord be awarded such relief.

*It seems,* that a covenant of a lease against subletting is not violated by a mere change in the lessee incident to the admission of a new partner or the withdrawal of a partner.

A landlord has an adequate remedy at law by summary proceedings or ejectment to recover the possession of premises held by a third person under the tenant, where there is no assignment of the lease to said third person and the premises have not been sublet to him, and the landlord is not entitled to proceed in equity and secure an injunction order which in effect requires the said third person to remove from the premises.

Where said third person has or claims to have the right to possession, he is entitled to have his rights determined by a trial, and the plaintiff is not entitled to have them adjudicated upon affidavits.

APPEAL by the defendant, Weckstein & Weckstein, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of April, 1920, enjoining and restraining both defendants from letting, allowing, permitting or suffering the appellant to enter into possession, use or occupancy of certain premises described in a lease between plaintiff and the defendant Arthur Wachtel under an agreement between him and the appellant by which he may attempt to sublet or assign part or all of the premises to the appellant without the written consent of the plaintiff.

*Francis M. Scott* of counsel [*Isidore Weckstein,* attorney], for the appellant.

*Emanuel van Dernoot,* for the respondent.

LAUGHLIN, J.:

The injunction order contains a provision staying its enforcement pending an appeal therefrom by the appellant or until the trial and decision of the issues herein if appellant shall stipulate for an immediate trial at Special Term and provides that if appellant shall neither so stipulate nor appeal, then plaintiff is required to give a bond in the sum of $1,000, but neither the terms nor the conditions of the bond are stated.

Plaintiff claims that this is a suit in equity to enforce the specific performance by defendant Arthur Wachtel of a lease in writing made between him and the plaintiff on the 2d day of April, 1919, which was to take effect on the 1st day of February, 1920, on the expiration of a former lease from the plaintiff to him of the same premises made on the 21st day of June, 1917. The second lease was to continue for two years and the tenant therein covenanted not to assign or sublet the premises without the written consent of the lessor, and it was provided that in case of a violation thereof the lessor was at liberty to re-enter and reoccupy the premises and to remove all persons and their goods and chattels therefrom. On the 15th day of March, 1919, eighteen days before the second lease was made, the tenant Arthur Wachtel formed a copartnership with Samuel H. Weckstein for the continuance by the copartnership from and after March 17, 1919, of the business theretofore conducted on the premises by the tenant. A certificate with respect to the copartnership was made and acknowledged May 23, 1919, which was about seven weeks after the second lease was made, and was duly filed. The copartnership business was continued on the premises, without objection from the plaintiff, until the 22d of November, 1919, and it is fairly to be inferred that the plaintiff was aware thereof for the rent for the months of April, May, June and October, 1919, was paid by checks printed in the name of the tenant but signed by said Weckstein. On the 22d of November, 1919, the copartnership was dissolved pursuant to an agreement by which Weckstein was to continue in possession and to liquidate the business of the firm, and three days later an agreement in writing was executed by and between Wachtel and Weckstein reciting the making of the two leases by the plaintiff to Wachtel, the formation of the

copartnership and the continuance of the copartnership business on the premises and the dissolution of the copartnership by the withdrawal of Wachtel under an agreement by which Weckstein was to be permitted to continue the business on said premises; and it was therein agreed that Wachtel thereby withdrew any interest that he had in and to said leases and that he thereby transferred all of his interest in the leases to Weckstein for the unexpired terms and Weckstein assumed the performance of Wachtel's obligations under the leases and agreed to save him harmless therefrom.    On the third of December Weckstein sent his own check for the rent for December to the plaintiff's agent but it was returned, the agent stating that Mr. Jacobs, who represented the plaintiff, " does not want to ' accept this check.    He would rather have a check of Arthur Wachtel.    Give me a check from Arthur Wachtel."    Weckstein informed the agent that he could give no other check.    The agent stood on his refusal to accept the check tendered, and on January second plaintiff wrote Wachtel stating that it understood that he no longer occupied the premises and that it would discontinue light service, which by the lease it was to furnish.    Thereafter there were interviews between the attorneys for the parties and the attorney for the defendants reported that the plaintiff insisted upon increasing the rent from $2,750 to $6,500 per annum and that unless that was acquiesced in it would cut off the light.    Weckstein thereupon had electric lights installed by the Edison Company at an expense of $200.    After the dissolution of the copartnership, Weckstein continued the business, but on finding that he required further capital he incorporated the business under the name of the appellant on the 1st of December, 1919, with a capital of $250,000.    The rent for December and January was finally paid by checks given by Wachtel for which he was reimbursed by Weckstein.    From the time of the dissolution of the copartnership, Weckstein remained in possession, first liquidating the business of the copartnership and continuing the business himself and since the incorporation of the appellant it has been in exclusive possession, conducting its business subject to a claim of a liquidating possession by Weckstein as the liquidating partner.

The summons in this action is dated March 9, 1920.    Long

prior to that date the original tenant, the individual defendant herein, was out of possession and he never resumed possession. Ordinarily a suit in equity will not lie at the instance of a landlord to enjoin a violation by the tenant of the covenants of a lease with respect to assigning or subletting (*Gillilan* v. *Norton*, 6 Robt. 546; *Importers and Traders Ins. Co.* v. *Christie*, 5 id. 169; *Goldman* v. *Corn*, 111 App. Div. 674. See, also, *McHenry* v. *Jewett*, 90 N. Y. 58; *Fleisch* v. *Schnaier*, 119 App. Div. 815; *Brass* v. *Rathbone*, 153 N. Y. 435); but doubtless a court of equity has jurisdiction to issue an injunction in such a case if the circumstances are such as to require that the landlord be awarded such relief. (*Barrington Apartment Assn.* v. *Watson*, 38 Hun, 545; *Bartholdi Realty Co.* v. *Robard Realty Co.*, 156 App. Div. 528; *Steward* v. *Winters*, 4 Sandf. Ch. 587; High on Injunctions [4th ed.], vol. 1, § 435.) It has been held that such a covenant of a lease is not violated by a mere change in the lessee incident to the admission of a new partner or the withdrawal of a partner. (*Roosevelt* v. *Hopkins*, 33 N. Y. 81.) Doubtless under that rule a violation of these provisions could not be predicated on the formation of the copartnership and the continuance of the business by it; but in the view we take of the case it is unnecessary to decide that question or to decide whether these provisions of the lease were violated by the withdrawal from the firm of Wachtel and the transfer of his interest in the lease to Weckstein and the continuance of the use of the premises by Weckstein or by the appellant, for the *lessee* has not appealed. The point as to whether the injunction order could be sustained as against the tenant is not presented for decision, for by failing to appeal he has acquiesced therein. The appeal presents for review only that part of the injunction order which operates against the appellant. So far as is disclosed by the record, the lease has not been assigned to the appellant and the premises have not been sublet to it. There is nothing disclosed by the record to show that the plaintiff would not have an adequate remedy at law by summary proceedings or ejectment to recover possession of the premises as against this appellant on the ground that the appellant is occupying the premises as a trespasser or a squatter and without right as against the

appellant; but assuming the defendant has or claims a right to possession, it is entitled to have its rights determined by a trial and the plaintiff was not entitled to have them adjudicated upon affidavits and to have, as it obtained here, in effect a mandatory injunction requiring appellant to remove from the premises, for if the injunction stands it cannot remain in possession without running the risk of being adjudged in contempt of the order. Assuming, without deciding, that the plaintiff is entitled to maintain this action as against the tenant and the appellant, it is not entitled in any event to what virtually amounts to a final decree in its favor until after the trial and decision of the issues to be presented in this action. It follows that the order should be reversed, with ten dollars costs, and the motion for the injunction as against appellant denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for injunction as against appellant denied, with ten dollars costs.