## Johnson v. Bruckhart

*Caldwell, Fox & Stoner*, for plaintiff.
*Samuel Handler* and *Earl Handler*, for defendant.

HARGEST, P. J., May 28, 1934.—This matter comes before us upon preliminary objections to the bill of complaint.

The plaintiff entered into a contract with the defendant on September 20, 1933, by which the defendant agreed to install the plaintiff's mint-vending machine for the purpose of vending mints in the defendant's place of business. The defendant was to receive 50 percent of the net profits from the sale of said mints and agreed that for the term of 2 years he would not receive, maintain, or establish in his place of business any other vending machines of like nature or description. The plaintiff installed a mint-vending machine September 20, 1933, and on October 16, 1933, the defendant permitted a similar mint-vending machine to be installed by some other person. The plaintiff asks for an injunction prohibiting the defendant from using such competitive machine and compelling the defendant to remove the same from his premises. The defendant avers that the plaintiff has an adequate remedy at law, that the contract is against public policy and in restraint of trade, is unfair and oppressive to the defendant, lacking in mutuality, and therefore void.

Equity will not interfere by injunction unless the damage about to be committed is irreparable: Hicks v. American Natural Gas Co., 207 Pa. 570; or a contract is about to be broken or has been broken, the breach of which cannot be readily compensated in damages: Streng v. The Buck Run Coal Co., 241 Pa. 560; Berkey v. Berwind-White Coal Mining Co., 220 Pa. 65.

In Geo. Ringler & Co. v. Mohl, 115 App. Div. 549, 101 N. Y. S. Supp. 454, a temporary injunction was sought, the effect of which would have been specifically to enforce a contract of the defendant to sell on certain premises, during the term of the defendant's lease, only the beer manufactured by the plaintiff. The court refused the injunction, saying (p. 551):

"The only injury that his not purchasing the beer of the plaintiff will produce will be loss of profits, and if the plaintiff succeeds he can obtain a judgment for such profits. The amount can be ascertained from the amount of beer that defendant used in the meantime. If the injunction in its present form is allowed to stand, if the plaintiff refuses to sell the defendant beer, the defendant will have to go out of business. The defendant can purchase no beer except that of the plaintiff, and there is no obligation on the part of the plaintiff to sell the defendant any beer at all."

In Voight Brewery Co. v. Holtz, 168 Mich. 352, 134 N. W. 19, a brewery company leased premises to a saloon keeper on condition that he should buy beer from the company only. He bought beer from other manufacturers, but pushed the sale of the company's beer and only bought other brands as the exigencies of his trade demanded. It was held that, inasmuch as the only damages were the profits of the beer sold on the premises, the company had an adequate remedy at law, and that an injunction would not lie to restrain the saloon keeper from violating the conditions of his lease.

In Hardy v. Allegan Circuit Judge, 147 Mich. 594, 111 N. W. 166, there was a contract between the mortgagor and mortgagee whereby the former was to sell in the building only the beer manufactured by the mortgagee. The mortgagor sold the building, and it was held that the mortgagee was not entitled to an injunction to restrain the purchaser from selling other beer.

In The Sperry & Hutchinson Co. v. Vine et al., 66 N. J. Eq. 339, 57 Atl. 1036, the defendant agreed with the plaintiff not to use any trading stamps except the plaintiff's during the continuance of the contract. The defendant did use other stamps. A bill for an injunction was filed and it was held that there was an adequate remedy at law. The court said:

"In the present case, the injury to the complainant is the loss of a market for their stamps and consequent loss of profit. There can be no difficulty in ascertaining how many of complainant's green stamps would have been required if their place had not been supplied by their competitor's red star stamps, and the complainant's profit thereon must be a matter of calculation. Assuming that the complainant has a legal right, the remedy at law is adequate."

In The Bartholomae & Roesing Brewing & Malting Co. v. Modzelewski et al., 269 Ill. 539, 109 N. E. 1058, there was a contract whereby the defendant agreed to purchase all his draught beer from the plaintiff during the time covered by the contract and by which it was provided that if defendant should default he should pay the plaintiffs $50 per month as liquidated damages. It was held that there was an adequate remedy at law and that no injunction would lie.

In Steinau v. Gas Company, 48 Ohio St. 324, 27 N. E. 545, the company entered into a contract with Steinau to furnish him with all the gas he might require for a period of 10 years at a reduced price, he agreeing not to introduce on his premises electric lights or other material or power for general

illuminating purposes during the term of the contract. Steinau introduced electric lights; a perpetual injunction was asked, and it was held that the petitioner did not show that the company might not have a full and adequate remedy at law. See also Standard Fashion Co. v. Magrane Houston Co. (C. C. A.), 251 Fed. 559, Lanston Monotype Machine Co. v. Times-Dispatch Co., 115 Va. 797, 80 S. E. 736, and James T. Hair Co. v. Huckins (C. C. A.), 56 Fed. 366. These cases seem to be very much in point, and we find no Pennsylvania case which would in any way weaken the principles enunciated in them.

In the instant case, the plaintiff was entitled to 50 percent of the net profits from the sale of mints. There seems to be nothing insurmountable in determining the plaintiff's loss by comparing the net profits during the period when the plaintiff's machine was being operated in the defendant's place of business without competition with the net profits during the period when the plaintiff's machine was being operated with competition. Certainly the bill of complaint does not show any such insurmountable difficulty.

The bill avers:

"13. The presence of this second machine materially reduces the sales of the plaintiff's mint-vending machine and as a result thereof the plaintiff has lost considerable sales.

"14. The presence of the competitor's machine has diverted and taken away the business and patronage of plaintiff's customers."

There is nothing in this averment except the reduction and loss of sales, from which the loss of profits might be readily ascertained. There is nothing in the bill to show otherwise.

We are of opinion, therefore, that there is an adequate remedy at law. We are also of opinion that the answer raising preliminary questions was filed in time under the equity rules.

It is not necessary to discuss the other questions raised by the defendant.

Now, May 28, 1934, the answer of the defendant raising preliminary objections to the bill of complaint is hereby sustained, and it is hereby adjudged and decreed that upon the averments of the bill of complaint it appears that the plaintiff has an adequate remedy at law. The bill is therefore hereby dismissed at the cost of the plaintiff.   From Homer L. Kreider, Harrisburg, Pa.