Joseph A. Sarafite, J.
In this suit for a declaratory judgment and other relief plaintiff tenant moves for partial summary judgment against -defendant landlord on two causes of action: (1) to declare that plaintiff has the right under a lease to sublet its premises to two proposed sublessees and (2) to permanently enjoin defendant from interfering with its right- to sublet.
The lease, covering seven floors at 299 Park Avenue, is dated August 5, 1966 and runs for 50 years. The rental is just above $1,000,000 a year.
The pertinent part of the applicable provision of the lease reads: “Tenant, without requiring Landlord’s consent shall have the right to sublet all or any portion thereof ’ ’ provided that “ it first offers to sublet the space to. other tenants in the Building.”
Plaintiff has made arrangements for the subletting of the 28th and 29th floors to Engelhard Minerals & Chemical Corporation, already a tenant in the building, and of floors 30 to 34 to the law firm of Debevoise, Plimpton, Lyons & Gates, not a tenant in the building.
Plaintiff’s negotiation with Debevoise with respect to floors 30 to 34 commenced in the autumn of 1969 and continued into 1970. Debevoise agreed to pay a base rental of $13.15 per square foot- — -the lease itself calls for $6.70‘ from plaintiff — and to contract for a 20-year term beginning not later than January 1, 1973 and terminating April 29, 1993. Negotiations with Engelhard commenced in December, 1969 and agreement was reached in April, 1970 for the subletting of floors 28 and 29 for a similar term and rental. Thus, the subleases would demise 20 of the 50-year term of the lease, leaving to the plaintiff a reversionary interest of 25 years and one day to the expiration date. The subleases would also give plaintiff an increase of $21,000,000 in rental over the rental due the defendant under the lease.
Offers to sublet were next made to all the tenants of the building upon the terms agreed to by Debevoise and Engelhard. These offers were made by letters dated December 17, 1969, February 19, 1970 and February 27, 1970.
Plaintiff contends that ‘ ‘ the paramount question on this motion for summary judgment and the very reason for the law *513 suit, is whether * * * under its 1966 lease with Fisher, Stauffer is entitled to sublet its premises and profit from the increase in the market price of office space from 1966 to date.” It argues that “ at the root of the controversy is Fisher’s desire to have for itself the profit Stauffer will make on the proposed subleases and ” that “ the simple legal issue at the heart of the controversy ” should not be disguised.
Defendant argues that the principal issue in the action is “whether Stauffer’s conduct is in compliance with the terms of the lease ’ ’, viz., whether the offers to sublet made by Stauffer to other tenants were sham and whether Stauffer could condition its offer to sublet on current market prices. Additionally, the defendant alleges that plaintiff’s proposed disposition of its premises constitutes an assignment rather than a sublease.
The defendant does not cite, nor has the court found, any legal authority in support of its contentions that the procedure followed by plaintiff in making offers to the tenants did not constitute valid first offers and violated the terms of the lease.
Plaintiff’s lease with the defendant provides no procedure or guidelines as to the method of making the offers or the sequence in which they should be made. It is silent as to price.
In this very case, the lease contains detailed provisions for rent escalation by virtue of increased taxes and increased expenses. The defendant however did not include in the lease any analogous provision permitting it to share in a profit in the event plaintiff found itself in a position to obtain a windfall by subletting.
In Fleisch v. Schnaier (119 App. Div. 815) the court held that unless restricted by statute or contract a tenant has an unrestricted right to sublet as he wishes.
Plaintiff conformed with the requirements of “first offer” in the lease. The lease required that a “ first offer ” — not a first approach — be made to the tenants. Stauffer gave fellow tenants the opportunity to sublease on the same terms and conditions on which it contemplated subleasing to Debevoise and Engelhard. An analogy can be made to options to purchase property. In Jurgensen v. Morris (194 App. Div. 92) the lease had a covenant that the plaintiff tenant had a first offer to purchase. The court held that (p. 94): “it obligated the defendants, if they wished to sell to another person during the term, to give the plaintiff the opportunity to take the property upon the same terms; in other words, that it required the defendants after receiving the Keiser [third party] offer to offer the property to the plaintiff upon the same terms. The ease of Bullock v. Cutting (155 App. Div. 825) appears to me to be *514 precisely in point, except the covenant there in [sic] said option of buying ‘ at the price which first parties [the landlord] desire to sell. ’ That much, to my mind, is fairly implied in the term used, ‘ first option ’. ”
Defendant’s contention that the proposed subleases are assignments prohibited under the lease rather than a subletting is without merit. Plaintiff’s proposed subleases provide for rental terms and not assignments. The plaintiff does not plan to transfer its entire interest to the sublessees and thus has a reversionary interest after each sublease expires (see New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 266 N. Y. 254). Indeed, the defendant itself in letters to plaintiff dated December 18,1969, February 2,1970 and March 3,1970 referred to the two concerned documents as “ subleases.”
In short then, the court finds that there are no triable issues on the first cause of action.
The court now turns to the plaintiff’s second request, a permanent injunction.
Plaintiff previously moved for a preliminary injunction. On May 20,1970 this court denied that motion. The primary basis for denial was that there was no imminent threatened injury and that it was doubtful that there was then “ any area for action in equity which is both proper and useful ”.
The plaintiff has failed to come forth with any additional facts or compelling legal argument to show any change in its position. The issue which required denial of temporary injunctive relief still remains and requires a trial.
Accordingly, summary judgment is granted on the first cause of action seeling a declaratory judgment and it is hereby severed; summary judgment is denied on the second cause of action for a permanent injunction.